**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205
T: (503) 228-6474
E: david@sugermandahab.com
E: nadia@sugermandahab.com

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN LYNCH, NANCY BENDER, and LINDA LITTLETON, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>MULTNOMAH COUNTY, on behalf of itself and all others similarly situated, LANE COUNTY, on behalf of itself and all others similarly situated, YAMHILL COUNTY, on behalf of itself and all others similarly situated, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON; and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>       Defendants. | Case No. 3:23-cv-01502<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

   1.  Plaintiffs Martin Lynch, Nancy Bender, and Linda Littleton ("Plaintiffs") bring this

action individually and on behalf of all others similarly situated ("Plaintiff Class") against

Defendants Multnomah County, Lane County, and  Yamhill County, on behalf of themselves and

all others similarly situated ( "Defendant Class"), as well as against the State of Oregon by and through its Attorney General, Ellen F. Rosenblum, in her official capacity, and the Agency Director of the Oregon Department of Revenue, Betsy Imholt, in her official capacity ("Defendants").

## NATURE OF THE ACTION

2.      This case seeks to end and remedy the unfair and illegal practice of Oregon Counties retaining the entirety of proceeds from the tax foreclosure sale of properties that is greater than the amount of property taxes and associated costs owed, rather than returning the surplus proceeds to the former property owners. Oregon Counties use small amounts of unpaid real estate property taxes to seize property, evict the owners, and then either take and keep the property for the Counties' benefit or sell the property for amounts that exceed the amount of unpaid taxes. This conduct has occurred from at least May 25, 2017, to the present ("the Class Period").

3.      In *Tyler v. Hennepin County*, 598 U.S. 631 (2023), The United States Supreme Court held that the practice of a government retaining surplus proceeds without providing an adequate means for the former property owners to recover the surplus proceeds is a taking of private property for public use without just compensation in violation of the United States Constitution.

4.      Plaintiffs assert that the retention and distribution of surplus proceeds in excess of the unpaid taxes and associated charges violates the U.S. and Oregon Constitutions' prohibition on the taking of private property for public use without just compensation as well as the U.S. Constitution's prohibition on the imposition of excessive fines.

5.      Plaintiffs, on behalf of themselves and all others similarly situated, seek just compensation for the taking of their private property, a declaration that ORS 275.275 is unconstitutional, an injunction against further violations, reimbursement of expenses and costs of

suit and attorneys' fees as allowed by law, prejudgment interest, and such other relief as the Court deems just and proper.

## THE PARTIES

### A.    PLAINTIFFS

6.    Plaintiff Martin Lynch ("Plaintiff Lynch") is a citizen and resident of Oregon.

7.    Plaintiff Lynch owned and resided at the property 660 32nd Street, Springfield, Oregon, 97478, Taxlot Number 1702312101000 (the "Lynch Property").

8.    Plaintiff Lynch's wife, Lynn Graham, originally purchased the Lynch Property on or around February 24, 2003, for $58,000. Lynn Graham passed away on October 13, 2013. Martin Lynch subsequently owned the Lynch Property.

9.    After the passing of his wife, Plaintiff Lynch continued to live at the Lynch Property. He eventually owed around $31,660.57 in taxes and associated fees and penalties.

10.    Due to the taxes owed, Lane County foreclosed on and then sold the Property on or around March 31, 2020, for around $118,500.

11.    The difference between the sale price and the amount of taxes and associated fees and penalties was around $86,840 (the "Lynch Surplus Proceeds").

12.    Lane County retained all proceeds from the sale, including the around $86,840 in surplus proceeds owed to Plaintiff Lynch, rather than return those proceeds to him.

13.    Lane County retained and distributed the Lynch Surplus Proceeds pursuant to ORS 275.275, which mandates that Lane County may not return the excess surplus proceeds from the sale of a tax foreclosure property to the former property owner and instead must retain and distribute the proceeds to local governmental entities.

14.    Lane County offered no process for Plaintiff Lynch to regain any of the surplus proceeds from the tax foreclosure sale of his property.

15.    Plaintiff Lynch currently lives in a campground in Klamath County as a result of Lane County foreclosing on his property and taking all the surplus proceeds and equity from his property.

16.    Plaintiff Linda Littleton ("Plaintiff Littleton") is a citizen and resident of Oregon.

17.    Plaintiff Littleton owned and lived in a mobile home property located at 945 E. 5th Street, Lafayette, Oregon, 97127, identified in Yamhill County records as Alternate Property Number R4307BA 04500 ("Littleton Property").

18.    Plaintiff Littleton owed around $11,138.28 in taxes and associated fees and penalties.

19.    Yamhill County foreclosed on the Littleton Property and then sold the property in 2019 for around $19,699.73. Rather than return the difference between the sale price and taxes and fees owed to Plaintiff Littleton, which was approximately $8,561.45, Yamhill County retained all proceeds from the sale ("Littleton Surplus Proceeds").

20.    Yamhill Couty retained and distributed the Littleton Surplus Proceeds pursuant to ORS 275.275, which mandates that Yamhill County may not return the excess surplus proceeds from the sale of a tax foreclosure property and instead must retain and distribute the proceeds to local governmental entities.

21.    Yamhill County offered no process for Plaintiff Littleton to regain any of the surplus proceeds from the tax foreclosure sale of her former property.

22.    Plaintiff Nancy Bender ("Plaintiff Bender") is a citizen and resident of Arizona.

23.    Plaintiff Bender purchased a parcel of land at N.W. Sussex Avenue in Portland, Oregon, 97210, recognized as "Blythswood, Lot 80" and recorded by Multnomah County as Account Number R084302960 ("Bender Property").

24.    Plaintiff Bender purchased the Bender Property in 2006 for $40,000.

25.    On or around October 9, 2018, Multnomah County foreclosed on the Bender Property due to around $5,964.64 in taxes, fees, and/or penalties owed.

26.    Multnomah County then sold the Bender Property for $30,000 on or around May 14, 2019, after the applicable redemption period and after obtaining a Tax Deed for the Bender Property.

27.    Rather than return the roughly $24,035.36 in surplus proceeds to Plaintiff Bender, Multnomah County retained all proceeds of the sale ("Bender Surplus Proceeds").

28.    Multnomah Couty retained and distributed the Bender Surplus Proceeds pursuant to ORS 275.275, which mandates that Multnomah County may not return the excess surplus proceeds from the sale of a tax foreclosure property and instead must retain and distribute the proceeds to local governmental entities.

29.    Multnomah County offered no process for Plaintiff Bender to regain any of the surplus proceeds from the tax foreclosure sale of her former property.

30.    Plaintiffs bring this action on their own behalf and on behalf of a Class of all others similarly situated, defined herein below, pursuant to Federal Rule of Civil Procedure 23.

**B.    DEFENDANTS**

31.    Defendant Lane County is a political subdivision of the State of Oregon.

32.    Defendant Lane County effected a Taking of Plaintiffs' and Plaintiff Class Members' properties by unconstitutionally retaining the surplus proceeds from the tax foreclosure sales of Plaintiffs' and Plaintiff Class Members' former properties.

33.    Defendant Lane County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 requires.

34.    Defendant Multnomah County is a political subdivision of the State of Oregon.

35.    Defendant Multnomah County effected a Taking of Plaintiffs' and Plaintiff Class Members' property by unconstitutionally retaining the surplus proceeds from the tax foreclosure sale of Plaintiffs' and Plaintiff Class Members' former properties.

36.    Defendant Multnomah County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 requires.

37.    Defendant Yamhill County is a political subdivision of the State of Oregon.

38.    Defendant Yamhill County effected a Taking of Plaintiffs' and Plaintiff Class Members' properties by unconstitutionally retaining the surplus proceeds from the tax foreclosure sales of Plaintiffs' and Plaintiff Class Members' former properties.

39.    Defendant Yamhill County follows the same process as all other counties in the State of Oregon regarding the retention and distribution of surplus proceeds that ORS 275.275 requires.

40.    Defendant Ellen Rosenblum, who is sued in her official capacity, is the Attorney General of the State of Oregon ("Defendant Rosenblum").  The Attorney General is responsible for instituting or completing foreclosure proceedings in Multnomah County, Lane County, Yamhill County and all other Oregon Counties when a district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings in the manner that Chapter 312 "Foreclosure of Property Tax Liens" requires.

41.    Defendant Rosenblum maintained, enforced, and permitted all Oregon counties to enforce a statute to retain and distribute surplus proceeds of tax foreclosure sales of Plaintiffs' and Class Members' properties in violation of the Oregon and U.S. Constitutions.

42.    Defendant Betsy Imholt, who is sued in her official capacity, is the Director of the Oregon Department of Revenue ("Defendant Imholt"). ORS 312.020, "Supervision by Department of Revenue," provides that the Oregon Department of Revenue "shall have general supervision and control over tax foreclosure proceedings under ORS 312.010 (When real property subject to tax foreclosure) to 312.120 (Period during which property held by county) and 312.130 (Release of claims of county by redemption) to 312.240 (Vacation of judgment) to the end that such proceedings shall be conducted in a uniform and orderly manner in all counties of the state."

43.    The Director of the Oregon Department of Revenue may call upon the Attorney General to institute or complete foreclosure proceedings that Chapter 312 requires whenever a district attorney, as ORS 312.005 defines the term, fails to institute or complete foreclosure proceedings.

## JURISDICTION AND VENUE

44.    Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs.

45.    This Court has subject matter jurisdiction of this action as the federal claims in this Complaint arise under the Fifth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution and, as a result, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

46.    This Court has supplemental jurisdiction over Plaintiffs' claims arising under the Oregon Constitution pursuant to 28 U.S.C § 1367 because those claims arise out of a common nucleus of operative facts with the federal claims that are within the Court's original jurisdiction.

47.    Venue of this action is properly laid in the United States District Court for the District of Oregon because the Defendants are within its geographical jurisdiction and conduct business within the State.

48.    Notice of these claims, if these claims were construed as torts pursuant to ORS 30.275, has been provided by the commencement of this action within 180 days after the Supreme Court Decision in *Tyler v. Hennepin Cty.*, 598 U.S. 631, 639 (2023).

## FACTUAL ALLEGATIONS

49.    Plaintiffs repeat, reallege, and incorporate by reference all preceding paragraphs.

50.    The United States and Oregon Constitutions limit the government's power by prohibiting a taking of property in the absence of a "public use" and requiring that if property is taken, "just compensation" must be paid.

51.    The Fifth Amendment to the United States Constitution states "nor shall private property be taken for public use, without just compensation." The Fourteenth Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

52.    Article I, Section 18 of the Oregon Constitution similarly provides: "Private property or services taken for public use. Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered…"

53.    The United States Constitution also prohibits the imposition of excessive fines. The Eighth Amendment, which applies to the States, provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflected."

54.    ORS Chapter 312 contains Oregon's tax foreclosure laws.

55.    ORS 312.020 vests supervision and control over tax foreclosure proceedings with the Oregon Department of Revenue. ORS 312.020 allows the Oregon Department of Revenue to call upon the Attorney General to institute or complete foreclosure proceedings and directs the process by which the county or the Secretary of State reimburses the Attorney General for all costs that the Attorney General incurs in foreclosure proceedings.

56.    ORS 312.010(1) makes all land subject to foreclosure for delinquent property taxes after three years of nonpayment. The foreclosure process occurs annually in each county and begins with the preparation of a list of the delinquent parcels within the county's boundaries, as ORS 312.030(1) prescribes. The county then brings one "general proceeding" against each property pursuant to ORS 312.050(2). ORS 312.040(1) directs all counties to provide notice to the owners by publication of the foreclosure list in a newspaper of general circulation within the county and by certified and first-class mail to the owner of each parcel according to the county deed records. ORS 312.070 allows any person interested in any real property in the foreclosure list to file an answer and defense to the application for the judgment of foreclosure and the court hears the answer in a summary manner, as ORS 312.080 describes. If the objection is overruled, or if no objection is raised, the court enters a judgment foreclosing the tax liens, pursuant to ORS 312.100, and ordering "that the several properties be sold directly to the county for the respective amounts of taxes and interest for which the several properties are liable."

57.    After the judgment of foreclosure, ORS 312.120(1) and (2) directs that for two years after the sale, any person with an interest in a parcel, including any heir, devisee, or lienholder, can "redeem" the interest in the property by paying the taxes owed, plus interest and a penalty. If not redeemed within that time, the property is deeded to the county without any encumbrances, pursuant to ORS 312.200.

58.    After the redemption period runs, Defendants Multnomah, Lane, and Yamhill Counties, as well as all other Oregon counties, keep the property for their own use or sell the foreclosed property and retain all proceeds from the sale. This specific stage of Oregon's tax foreclosure regime, when Defendants Multnomah, Lane, and Yamhill Counties, and all other counties in Oregon, retain and distribute all proceeds pursuant to ORS 275.275, is the subject matter of this action and the point at which Plaintiffs' and Class Members' properties are taken without just compensation and at which excessive fines are imposed against Plaintiffs and Plaintiff Class Members.

59.    ORS 275.275 directs Defendants Multnomah, Lane, and Yamhill Counties, and all other Oregon counties, to retain and distribute the surplus proceeds in a compulsory and uniform manner. The proceeds from the sale first reimburse the county general fund for the amount of state taxes owed to the county. Next, the proceeds reimburse the county general fund for any penalties and fees the county incurred in the maintenance of the tax-foreclosed property prior to its sale. The balance of the remaining proceeds is then distributed to an account or fund created in the discretion of the county treasurer, to municipal corporations holding local improvement liens, and to the certified taxing districts within the county.

60.    Officials in each county of the state of Oregon are charged with enforcing or uniformly acting in accordance with ORS 275.275.

61.    Defendants Multnomah, Lane, and Yamhill Counties, as well as all other counties in Oregon, therefore, retain all the excess equity or value in the property even after taxes and all associated charges have been fully satisfied, pursuant to ORS 275.275.

62.    No mechanism is available for the former property owner to recover the excess equity or value of the surplus proceeds after the sale of the property.

63.    The County retains and distributes the proceeds years after the foreclosure judgment. This means that while Plaintiffs and Plaintiff Class Members can object to and answer the foreclosure judgment at a foreclosure hearing, Plaintiffs and Plaintiff Class Members cannot possibly answer and object to the separate and subsequent matter of the distribution of proceeds at the foreclosure hearing because the sale, retention, and distribution of proceeds has not yet occurred, may not ever occur after the foreclosure hearing, or will occur at an unknown future date for unknown sale and surplus proceeds amounts.

64.    In May 2023, the United States Supreme Court held that the retention of proceeds from a tax sale above the amount owed from the unpaid property taxes constitutes a "classic taking in which the government directly appropriates private property for its own use." *Tyler v. Hennepin Cty.*, 598 U.S. 631, 639 (2023). The Supreme Court explained that State law cannot "sidestep the Takings Clause by disavowing traditional property interests in assets it wishes to appropriate." *Id.* at 638.

65.    Plaintiffs have constitutional and prudential standing under Article III of the United States Constitution to pursue the claims set forth herein.

## CLASS ACTION ALLEGATIONS

66.    Plaintiffs repeat, reallege and incorporate herein by reference all preceding paragraphs.

67.     Plaintiffs request that this Court enter an order certifying this action as a class action on behalf of a proposed Plaintiff Class and a proposed Defendant Class.

68.     Plaintiffs request that this Court enter an order certifying this action as a class action on behalf of a proposed Plaintiff Class pursuant to Rule 23(a), 23(b)(1)(A), 23(b)(1)(B), 23(b)(2), and 23(b)(3).

69.     Plaintiffs request certification of the "Plaintiff Class" defined as follows:

> All Persons and entities, and their heirs and successors, who owned or had an ownership interest in real property that an Oregon county seized through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and that was subsequently sold during the Class Period for more than the amount necessary to satisfy such taxes and associated charges.

*      *      *

Excluded from the Plaintiffs' Class are Defendants, the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service. Plaintiffs reserve the right to modify or amend the class definition, as appropriate, during the course of this litigation.

70.     The members of the Plaintiff Class are so numerous that their individual joinder is impracticable. On information and belief, members of the Plaintiff Class number at least in the thousands. The precise number of members of each of the Plaintiff Class and their current addresses are presently unknown to Plaintiffs but may be ascertained from government property and tax records. Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

71.     Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over questions affecting only individual Class members. Such common questions of law or fact include:

    (a)       Whether ORS 275.275 on its face or as applied violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

    (b)       Whether Defendants should be enjoined from enforcing ORS 275.275 because it violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

    (c)       Whether Defendants committed a Taking of Plaintiffs' and the Class Members' properties without just compensation in violation of the Fifth Amendment of the United States Constitution;

    (d)       Whether Defendants' Taking of Plaintiffs' and the Class Members' properties for public use was without "compensation first assessed and tendered" in violation Art. I, § 18 of the Oregon Constitution;

    (e)       Whether Defendants imposed an excessive fine on Plaintiffs and the Class Members in violation of the Eighth Amendment to the United States Constitution.

72.    Plaintiffs' claims are typical of the claims of the other members of the Plaintiff Class, because, among other reasons, Plaintiffs and all Class Members of the Plaintiff Class suffered the same type of injury, namely, each county in Oregon retained all surplus proceeds from the sale of their former properties and distributed the surplus proceeds pursuant to ORS 275.275.

73.    Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other Plaintiff Class Members they seek to represent, they have retained counsel competent and experienced in class action litigation, and their counsel will prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the Plaintiff Class Members' interests.

74.      A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other members of the Plaintiff Class individually are relatively small compared to the burden and expense that would be required to separately litigate their claims against Defendants, so it would be uneconomical and impracticable for Class Members to individually seek redress for the wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

75.      Plaintiffs also request that this Court enter an order certifying this action as a class action on behalf of a proposed Defendant Class pursuant to Rule 23(a), 23(b)(1)(A), (B), 23(b)(2), and 23(b)(3).

76.      Plaintiffs request certification of the "Defendant Class" defined as follows:

> All Counties in Oregon that seized property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and subsequently sold the property during the Class Period for more than the amount necessary to satisfy such taxes and associated charges.

*      *      *

Excluded from the Defendant Class are the presiding Judge and Court staff assigned to this case, the U.S. Department of Treasury, and the U.S. Internal Revenue Service. Plaintiffs reserve the right to modify or amend the Class Definition, as appropriate, during the course of this litigation.

77.      The thirty-six members of the Defendant Class act in a uniform manner pursuant to ORS 275.275. Individual joinder is impracticable compared to establishing a Defendant Class consisting of the numerous Counties that act in the uniform, and mandatory, manner. Prosecuting

separate actions by or against the individual Defendant Class members could establish incompatible standards of conduct. Class members may be notified of the pendency of this action by mail, email, text, Internet postings, and/or publication.

78.    Common questions of law and fact exist as to all members of the Defendant Class and predominate over questions affecting only individual Defendant Class members. Such common questions of law or fact include:

(a)    Whether ORS 275.275 on its face or as applied violates the Fifth, Eighth, or Fourteenth Amendments to the U.S. Constitution;

(b)    Whether Defendants should be enjoined from enforcing ORS 275.275 because it violates the Fifth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution;

(c)    Whether Defendants committed a Taking of Plaintiffs' and the Class Members' properties without just compensation in violation of the Fifth Amendment of the United States Constitution;

(d)    Whether Defendants' Taking of Plaintiffs' and the Class Members' properties for public use was without "compensation first assessed and tendered" in violation Art. I, § 18 of the Oregon Constitution;

(e)    Whether Defendants imposed an excessive fine on Plaintiffs and the Class Members in violation of the Eighth Amendment to the United States Constitution.

79.    Defendants' defenses are typical of the defenses of the other members of the Defendant Class. Plaintiffs and all Class Members of the Plaintiff Class suffered the same type of injury, namely, Defendants and each member of the Defendant Class retained all surplus proceeds

from the sale of the members of the Plaintiffs' and Plaintiff Class Members' former properties and distributed the surplus proceeds pursuant to ORS 275.275. Defendants and each member of the Defendant Class acted in a consistent and uniform manner, pursuant to ORS 275.275 that mandates non-discretionary retention and distribution procedures of surplus proceeds.

80.    Defendants are adequate Defendant Class representatives because their interests do not conflict with the interests of the Defendant Class Members they seek to represent. Each County of the Defendant Class retains and distributes surplus proceeds from property foreclosed upon within that specific County. The distribution of the surplus proceeds remains within each County and does not conflict with the retention and distribution of surplus proceeds within other counties. Defendants share the same defenses and enjoy the same benefits gained from the unconstitutional conduct regarding such retention and distribution of proceeds.

81.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

82.    Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the Class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I

**DECLARATORY JUDGMENT THAT ORS 275.275
VIOLATES THE FIFTH, EIGHTH, AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**ASSERTED AGAINST ALL DEFENDANTS AND THE DEFENDANT CLASS**

83.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 82 as if fully set forth herein.

84.     In material part, 28 U.S.C. § 2201 (a) provides, that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

85.     On its face, or as applied, ORS 275.275 violates the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

86.     Defendants' and the Defendant Class's enforcement of ORS 275.275 constitutes a continuing violation of federal law.

87.     A declaratory judgment that ORS 275.275 violates the United States Constitution would provide prospective relief from the ongoing violation of the United States Constitution.

## COUNT II

### VIOLATION OF THE UNITED STATES CONSTITUTION'S FIFTH AMENDMENT PROHIBITION ON TAKINGS WITHOUT JUST COMPENSATION, 42 U.S.C. § 1983

### ASSERTED AGAINST DEFENDANT MULTNOMAH COUNTY, DEFENDANT LANE COUNTY, DEFENDANT YAMHILL COUNTY, AND THE DEFENDANT CLASS

88.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 82 as if fully set forth herein.

89.     The Fifth Amendment to the United States Constitution provides that "nor shall private property be taken for public use, without just compensation," U.S. Const., Amend. V, known colloquially and jurisprudentially as the "Takings Clause" of the United States Constitution.

90.     The Takings Clause is applicable to all States through the Fourteenth Amendment, and by extension their subdivisions, instrumentalities, and departments, including the Defendants. *See, e.g.*, *Tyler*, 598 U.S. at 637; *Palazzolo v. Rhode Island,* 553 U.S. 606 (2001).

91.     "[T]he purpose of the Takings Clause is to prevent the government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Palazzolo,* 533 U.S. at 618.

92.     Defendants' and the Defendant Class's retention of the surplus proceeds amounts to a Taking of private property for public use without just compensation. *Tyler*, 598 U.S. at 639.

93.     A legislature cannot constitutionally enact a law which effects a Taking of private property without just compensation. *See, e.g.*, *Tyler*, 598 U.S. at 638; *Acker v. Comm'r of Internal Revenue,* 258 F. 2d 568 (6th Cir., 1958), *aff'd* 361 U.S. 87 (1959).

94.     Plaintiffs and Plaintiff Class Members had a cognizable property interest in their respective parcels and have a cognizable property interest in the surplus proceeds that the Fifth Amendment to the United States Constitution and its Takings Clause protect.

95.     Defendants and Defendant Class members physically took Plaintiffs' and Plaintiffs Class Members' real property and physically took, now possess, and refuse to tender and deliver to Plaintiffs and the Plaintiff Class Members their surplus proceeds.

96.     Defendants and the Defendant Class have already or will expend the surplus proceeds from the auction of real property belonging to Plaintiffs and Plaintiff Class Members. These proceeds have not been used for a valid public use.

97.     In the alternative, some or all of the proceeds have been used for a valid public use, but Plaintiffs and Plaintiff Class Members have not received just compensation and Plaintiffs and Plaintiff Class Members have been and would be forced to bear alone public burdens which in all fairness and justice the public should bear as a whole.

98.     Defendants and the Defendant Class did not offer to pay just compensation before, during, or after the taking of Plaintiffs' and the Plaintiff Class Members' property.

99.     Defendants and the Defendant Class have not provided Plaintiffs or the Plaintiff Class Members an adequate procedure to seek just compensation for the taking of their surplus proceeds and have therefore violated Plaintiffs' and Plaintiff Class Members' rights to Due Process that the Fifth Amendment guarantees.

100.    Plaintiffs' and Plaintiff Class Members' claims asserted herein before this Court are mature and ripe.

101.    Plaintiffs and the Plaintiff Class Members have suffered damages. The Takings Clause requires Defendants to pay Plaintiffs and Plaintiff Class Members money damages that constitute just compensation for the Taking of their private property.

102.    Plaintiffs' and the Plaintiff Class Members' constitutional right to just compensation for government seizure of their property for public purposes is a fundamental right deeply rooted in this country's legal traditions and central to the concept of ordered liberty. Defendants' conduct has deprived Plaintiffs and Plaintiff Class Members of that fundamental right.

103.    42 U.S.C. § 1983 provides that,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853.)

104.    It is the policy and custom of Defendants and the Defendant Class to use for public purposes and not deliver or tender to Plaintiffs or Plaintiff Class Members their property or surplus proceeds that Defendants took from them without just compensation.

105.    Defendants Multnomah County, Lane County, and Yamhill County and the Defendant Class Members are liable to Plaintiffs and the Plaintiff Class Members under 42 U.S.C. § 1983.

106.    The actions of Multnomah County, Lane County, Yamhill County, and the Defendant Class have caused Plaintiffs and Plaintiff Class to suffer material damages pursuant to

42 U.S.C. § 1983. Defendants and Defendant Class are liable to pay Plaintiffs and Plaintiff Class money damages for their injuries.

## COUNT III

### VIOLATION OF THE TAKINGS CLAUSE, ARTICLE 1, § 18 OF THE OREGON CONSTITUTION

### ASSERTED AGAINST DEFENDANT MULTNOMAH COUNTY, DEFENDANT LANE COUNTY, DEFENDANT YAMHILL COUNTY, AND THE DEFENDANT CLASS

107.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 82 as if fully set forth herein.

108.    Article I, section 18 of the Oregon Constitution provides that: "Private property or services taken for public use. Private property shall not be taken for public use, nor the particular services of any man be demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered[.]"

109.    Article I, section 18 requires the government to determine and pay just compensation before taking private property for a public use.

110.    Multnomah County, Lane County, Yamhill County, and the Defendant Class took, retained, and distributed the surplus proceeds without a valid public use.

111.    Multnomah County, Lane County, Yamhill County, and the Defendant Class took, retained, and distributed the surplus proceeds without providing just compensation.

112.    The Takings of Plaintiffs and the Plaintiff Class Members' property by Multnomah County, Lane County, Yamhill County, and the Defendant Class without just compensation injured Plaintiffs and the Plaintiff Class, and they are entitled to just compensation and other relief.

## COUNT IV

### VIOLATION OF THE UNITED STATES CONSTITUTION'S
### EIGHTH AMENDMENT PROHIBITION ON EXCESSIVE FINES, 42 U.S.C. § 1983

### ASSERTED AGAINST DEFENDANT MULTNOMAH COUNTY, DEFENDANT LANE COUNTY, DEFENDANT YAMHILL COUNTY, AND THE DEFENDANT CLASS

113.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 82 as if fully set forth herein.

114.    The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

115.    Confiscating the entire value of Plaintiffs' and Plaintiff Class Members' property including the excess or surplus equity in Plaintiffs' and Plaintiff Class Members' properties because of non-payment of small amounts of real estate taxes is an excessive fine under Eighth Amendment to the United States Constitution.

116.    Defendants and the Defendant Class are engaged in assessing and collecting prohibited excessive fines.

117.    Plaintiffs and the Plaintiff Class face a threat of great and irreparable harm if, after a trial on the merits, a permanent injunction is not granted, in that there is a threat that Defendants and Defendant Class Members will continue to violate their property rights.

118.    Plaintiffs and the Plaintiff Class have no adequate legal remedy to protect their property interests from the ongoing unconstitutional and unlawful conduct herein described.

119.    The unlawful excessive fines under the United States Constitution have injured and damaged Plaintiffs and the Plaintiff Class Members and they are entitled to relief as a result.

## DEMAND FOR JURY TRIAL

120.    Plaintiffs demand trial by Jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

(a)    The Court determine this action may be maintained as a class action

pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3), on

behalf of the Plaintiff Class with Plaintiffs being designated as class

representatives, and appointing Plaintiffs' counsel as counsel to the

Plaintiff Class;

(b)    The Court determine this action may be maintained as a class action

pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2) and (b)(3), on

behalf of the Defendant Class with Defendants Multnomah County, Lane

County, and Yamhill County being designated as class representatives,

(c)    The Court issue a declaratory judgment declaring and adjudging that ORS

275.275 violates the Fifth, Eighth and Fourteenth Amendments to the U.S.

Constitution;

(d)    The Court issue a declaratory judgment declaring and adjudging that the

Defendants' and Defendant Class's use and takings of the surplus

proceeds constitute a Taking of private property for public use without just

compensation in violation of the Fifth Amendment to the United States

and Oregon Constitutions;

(e)    The Court issue a declaratory judgment declaring that Defendants' and the

Defendant Class's takings of Plaintiffs' and Plaintiff Class Members'

property was for no valid public use and violates the United States and
Oregon Constitutions;

(f)     The Court issue a preliminary and permanent injunction against all
Defendants from retaining surplus proceeds from tax foreclosure sales and
distributing those proceeds pursuant to ORS 275.275 and from enforcing
ORS 275.275.

(g)     The Court award Plaintiffs and Plaintiff Class Members either the value of
the surplus proceeds of the property minus the taxes and associated fees
owed at the time of the sale, or, for properties retained by but not sold by
Defendant Counties and the Defendant Class, the difference between the
fair market value of the property and the taxes and associated fees that the
former property owner owed;

(h)     The Court award all other appropriate damages in an amount to be
determined at trial;

(i)     The Court award Plaintiffs and the Plaintiff Class Members prejudgment
and post-judgment interest, as permitted by law;

(j)      The Court award Plaintiffs and Plaintiff Class Members all costs and fees,
including attorneys' fees, as permitted by law and pursuant to 42 U.S.C.
§ 1988 and ORS 20.085; and

(k)     The Court grant such other legal, declaratory, equitable or further relief as
the Court may deem just and proper.

DATED this 12th day of October, 2023

Respectfully submitted,

/s/ Nadia H. Dahab

**Joseph C. Kohn** (*pro hac vice forthcoming*)
**William Hoese** (*pro hac vice forthcoming*)
**Zahra R. Dean** (*pro hac vice forthcoming*)
**Elias A. Kohn** (*pro hac vice forthcoming*)
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
T: (215) 238-1700
E: jkohn@kohnswift.com
E: zdean@kohnswift.com
E: whoese@kohnswift.com
E: ekohn@kohnswift.com

**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205
T: (503) 228-6474
E: david@sugermandahab.com
E: nadia@sugermandahab.com

**Gregory P. Hansel** (*pro hac vice forthcoming*)
**Shana M. Solomon** (*pro hac vice forthcoming*)
**Elizabeth F. Quinby** (*pro hac vice forthcoming*)
**Michael D. Hanify** (*pro hac vice forthcoming*)
**Kat Mail** (*pro hac vice forthcoming*)
PRETI FLAHERTY BELIVEAU
& PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
T: (207)791-3000
E: ghansel@preti.com
E: ssolomon@preti.com
E: equinby@preti.com
E: mhanify@preti.com
E: kmail@preti.com

**David H. Fink** (*pro hac vice forthcoming*)
**Nathan J. Fink** (*pro hac vice forthcoming*)
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
T: (248) 971-2500
E: dfink@finkbressack.com
E: nfink@finkbressack.com

*Counsel for Plaintiffs and the Proposed Class and Sub-Classes*

PLAINTIFFS DEMAND A TRIAL BY JURY.

/s/ Nadia H. Dahab
**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205