**Tab Wood, OSB No. 115604**
twood@sussmanshank.com
**Thomas M. Christ, OSB No. 834064**
tchrist@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

*Attorneys for Intervenor Oregon Counties: Josephine, Marion, Jackson, Columbia, Klamath, Baker, Clatsop, Columbia, Crook, Hood River, Jefferson, Lake, Linn, Malheur, Umatilla, Union, Wallowa, Wasco, Coos, and Lincoln*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| MARTIN LYNCH, NANCY BENDER, and LINDA LITTLETON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MULTNOMAH COUNTY, on behalf of itself and all others similarly situated, LANE COUNTY, on behalf of itself and all others similarly situated, YAMHILL COUNTY, on behalf of itself and all others similarly situated, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON; and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>Defendants, | Case No. 3:23-cv-01502-KI<br><br>MOTION TO INTERVENE<br><br>Oral Argument Requested |

**Page 1 – MOTION TO INTERVENE**

and

BAKER COUNTY, CLATSOP COUNTY, COLUMBIA COUNTY, COOS COUNTY, CROOK COUNTY, HOOD RIVER COUNTY, JACKSON COUNTY, JEFFERSON COUNTY, JOSEPHINE COUNTY, KLAMATH COUNTY, LAKE COUNTY, LINCOLN COUNTY, LINN COUNTY, MALHEUR COUNTY, MARION COUNTY, UMATILLA COUNTY, UNION COUNTY, WALLOWA COUNTY, AND WASCO COUNTY,

Intervenors.

## LR 7-1 CERTIFICATE OF COMPLIANCE

Counsel for the movants certify that they have conferred in good faith with counsel for the parties regarding the issues presented by this motion. Plaintiffs' counsel and counsel for Yamhill and Lane said they would consider and advise as to their position on intervention, and moving counsel advised it would update this conferral section upon further information. Counsel for Multnomah has no objection to intervention. Counsel for movants attempted to confer with counsel for Ellen Rosenblum and Betsy Imholt, but as of the time of filing this motion had not been successful. Counsel for movants will update this conferral as appropriate.

## MOTION

Twenty Oregon counties – namely, Josephine, Marion, Jackson, Columbia, Klamath, Baker, Clatsop, Columbia, Crook, Hood River, Jefferson, Lake, Linn, Malheur, Umatilla, Union, Wallowa, Wasco, Coos, and Lincoln – move to intervene as of right as defendants in this putative class action. Fed. R. Civ. P. 24(a)(2). In the alternative, they move for permissive intervention. Fed. R. Civ. P. 24(b)(1)(B). In support of their requests, movants rely upon the following points and authorities and the accompanying Declaration of Tab Wood.

///

**Page 2 – MOTION TO INTERVENE**

**POINTS AND AUTHORITIES**

I.    **The Facts**[1]

Plaintiffs' complaint alleges the following facts, which movants accept as true for purposes of this motion only. Plaintiffs lost real property to judgments in tax-foreclosure proceedings brought by Oregon counties under laws that plaintiffs now claim, in this action, violate the state and federal constitutions. Specifically, plaintiffs claim the foreclosure laws are unconstitutional to the extent they allowed plaintiffs to be deprived of their interests in the foreclosed properties, including their interest in the value of the properties above the unpaid taxes, fees, penalties, and interest on those amounts – which sum they call the "surplus." That deprivation, they say, was a "taking" without compensation, prohibited by the state and federal constitutions.

Plaintiffs seek to certify a class of defendants that would include every Oregon county, and they ask for a judgment against those counties declaring that their handling of the surplus was unconstitutional, enjoining them from administering the laws as they have in the past, and ordering them to pay monetary damages and attorney fees to the putative plaintiff class.

III.    **The Law**

In a class action context, "courts may allow class members to "intervene and present claims or defenses, or to otherwise come into the action." Fed. R. Civ. P. 23(d)(B)(iii). The Federal Rules provide for two types of intervention by a private party: intervention as a matter of right and permissive intervention. Fed. R. Civ. P. 24.

"Intervention as a matter of right must be granted on a timely motion to anyone who 'claims an interest to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Northwest Environmental*

---

[1] Unless otherwise noted, the facts are taken from the operative complaint.

Page 3 – MOTION TO INTERVENE

*Advocates v. U.S. Environmental Protection Agency*, 2014 WL 1094981, at *1 (D. Or. Mar. 19, 2014), *citing* Fed. R. Civ. P. 24.

To demonstrate intervention as of right, the proposed intervenor must show: (1) the motion is timely; (2) the proposed intervenor has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may as a practical matter impair or impede the proposed intervenor's ability to protect that interest; and (4) the proposed intervenor's interest must be inadequately represented by the parties to the action. *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2011). Rule 24(a)(2) is construed broadly in favor of allowing intervenors. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc).

Permissive intervention under Rule 24(b) is committed the broad discretion of the court. *Spangler v. Pasadena City Bd. of Ednc.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Permissive intervention under Rule 24(b) has three requirements: (1) a timely motion by the intervenor; (2) the intervenor's claim or defense must present a common question of law or fact; and (3) an independent ground for jurisdiction. *Freedom From Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing *Beckman Indus., Inc. v. Int'l Ins. Co., 966* F.2d 470, 473 (9th Cir. 1992)); Fed. R. Civ. P. 24(b)(3). The court also must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *Mishewal Wappo Tribe of Alexander Valley v. Salazar*, 534 F. App'x 665, 667 (9th Cir. 2013).

"Regardless of what type of intervention is sought, the Ninth Circuit upholds a liberal policy in favor of intervention. Such a policy allows for 'both efficient resolution of the issues and broadened access to the courts.'" *Northwest Environmental Advocates*, 2014 WL 1094981, at *2 (*citing Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011)).

**Page 4 – MOTION TO INTERVENE**

### IV. Intervention By Right

#### A. *The motion is timely.*

Timeliness is evaluated upon: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of delay." *Northwest Environmental Advocates*, 2014 WL 1094981, at *2 (*citing League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)). A motion to intervene is timely where it occurs "before any hearings or rulings on substantive matters." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995).

It is early in this case; plaintiffs filed their complaint just a few months ago, and then, just a few days ago, filed an amended complaint that the current defendants have not yet answered. Meanwhile, there has been no discovery that would have to be repeated if movants are allowed to intervene, and no motions that would need to be re-briefed of -argued. The timing of this motion could not be better.

#### B. *Movants have interests in the case.*

Plaintiffs seek relief in their lawsuit against all Oregon counties, which they include in their putative "Defendant Class":

> "All Counties in Oregon that seized property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and subsequently sold the property during the Class Period for more than the amount necessary to satisfy such taxes and associated charges."

Complaint, ¶ 76.

Movants are members of the putative class of defendants and, therefore, have a clear interest in the lawsuit that they want to protect. *See Glass v. UBS Fin. Servs., Inc.*, 2007 WL 474936, at *2 (N.D. Cal. Jan. 17, 2007), *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009) ("As [the

**Page 5 – MOTION TO INTERVENE**

putative intervenor] is a member of the … class, he has a significant protectable interest relating to the subject of the instant action."); *Cohorst v. BRE Props., Inc.*, 2011 WL 3489781, at *4 (S.D. Cal. July 19, 2011), *report and recommendation adopted*, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ("[S]ince [the putative intervenor] is a class member there is no dispute that she has a significant probable interest relating to the property or transaction that is the subject of this action. As a class member she has a clear relationship between her claims and those of the class.").

Plaintiffs ask for a judgment in this lawsuit that would bind not only the named defendants, but all members of the defendant class, including movants. The judgment Plaintiffs are pursing would, if issued, declare that movants have acted unconstitutionally in their handing of surplus tax amounts, and would require that movants pay monetary damages. Movants certainly have a protectible interest in the matters involved in this case.

### C. The decision in this case could impair movants' interests.

Where an applicant adequately demonstrates she has a "significant protectable interest" in the action, courts have "little difficulty concluding that the disposition of the case may, as a practical matter, affect it." *California ex. Rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006); *see also* Fed. R. Civ. P. 24(a)(2) (proposed intervenor need only show that the disposition of the action "may as a practical matter" impede her ability to protect her interest in the action). Indeed, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011), *citing* Fed. R. Civ. P. 24 advisory committee's note.

The disposition of this matter will, as a practical matter, impair or impede movants' ability to protect their interests. Simply put, if intervention is not allowed, movants have no voice in this

**Page 6 – MOTION TO INTERVENE**

litigation. They cannot defend themselves, and they risk being bound by a judgment, if one is entered, no matter how unfavorable to their interests. Accordingly, this factor in favor of intervention is satisfied, as movants' interests will be severely prejudiced if intervention is denied.

### D. Movants are not well-represented by the current defendants.

Movants have a "minimal" burden to show that representation of their interests by the current defendants "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003); *see also Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (this "burden of showing inadequate representation…is not onerous."). In evaluating this element, the Ninth Circuit examines three factors: "(1) whether the interest of a present party is such that it will *undoubtedly* make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086 (emphasis added). "The most important factor is 'how the interest compares with the interest of existing parties.'" *Arakaki*, 324 F.3d at 1086. Here, these factors weigh in favor of intervention.

A review of the court docket demonstrates that the present defendants will *not* make all of the arguments on movants behalf that movants themselves would and, hence, that movants will not be adequately represented by the present defendants. In fact, one defendant seems to have thrown in the towel already. Multnomah County admitted in its answer that at least one named plaintiff, Ms. Bender, "is entitled to surplus proceeds associated with the sale of the property at issue." Dkt. 20, ¶ 21. Multnomah County subsequently agreed to a judgment entered against it in favor of Ms. Bender in the amount of $38,177.03 plus reasonable attorney fees. Dkt. 34. For its part, named defendant Lane County flied a Motion to Dismiss raising issues specific to the facts alleged against it, which would not be issues common to movants. Dkt. 26. Lane County then withdrew the motion. Dkt. 31. There is no indication that the other named county, Yamhill, would defend the case in a way that would adequately represent the interests of movants, who do not

Page 7 – MOTION TO INTERVENE

concede that plaintiffs' claims are well-taken.  If allowed to intervene, movants will present legal arguments that have not been raised so far by the three county defendants. As for the non-county defendants – the Oregon Attorney General and the Director of the Oregon Department of Revenue – they are not counties and thus not similarly situated to movants.  Movants cannot rely on non-counties to protect movants' interests *as counties*.

This element of intervention as a matter of right, like the others, is satisfied, and movants respectfully request that the court enter an order allowing intervention.

### V. Intervention by Permission

If not entitled to intervene, movants should nevertheless be permitted to do so under Rule 24(b), which "only requires that an intervener's [sic] claim or defense share a common question of law or fact with the main action and that the intervention will not 'unduly delay or prejudice the adjudication of the original parties' rights.'" *Murphy Company v. Trump*, 2017 WL 979097, at *5 (D. Or. Mar. 14, 2017), *citing* Fed. R. Civ. P. 24(b).

As demonstrated above, movants motion to intervene is timely, will not cause unduly delay, and will not prejudice any named party.  Moreover, the claims against movants, as members of the putative Defendant Class, are the same as those against the named defendants, and necessarily share identical questions of law, and common questions of fact.  Indeed, Plaintiffs allege that all counties follow the same alleged unconstitutional practice, which has resulted in the same alleged harm – an illegal retention of surplus tax proceeds.  Accordingly, movants also meet the requirements of permissive intervention.

///

///

///

**Page 8 – MOTION TO INTERVENE**

## VI. Conclusion

For the reasons above, movants respectfully request that the court grant their motion to intervene as defendants.

Dated this 29th day of February, 2024.

        SUSSMAN SHANK LLP

        By s/ Tab Wood
           Tab Wood, OSB No. 115604
           (503) 227-1111

        By s/ Thomas M. Christ
           Thomas M. Christ, OSB No. 834064
           (503) 227-1111

*Attorneys for Oregon Counties: Josephine, Marion, Jackson, Columbia, Klamath, Baker, Clatsop, Columbia, Crook, Hood River, Jefferson, Lake, Linn, Malheur, Umatilla, Union, Wallowa, Wasco, Coos, and Lincoln*

**Page 9 – MOTION TO INTERVENE**