UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARTIN LYNCH, as Personal Representative of the ESTATE OF LYNN ARDEN GRAHAM-LYNCH, NANCY BENDER, KYLE QUEAHPAMA as heir of the ESTATE OF ROBERTA QUEAHPAMA, TWO J'S DEVELOPMENT COMPANY, LLF, c/o SANDRA VAHALA and JOSHUA VAHALA, WALTER JAQUITH, and CAROLYN JAQUITH on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>MULTNOMAH COUNTY, on behalf of itself and all others similarly situated, LANE COUNTY, on behalf of itself and all others similarly situated, YAMHILL COUNTY, on behalf of itself and all others similarly situated, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON; and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>      Defendants. | Case No. 3:23-cv-01502-IM<br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>ORAL ARGUMENT REQUESTED |
| JEFFREY SAWYER and BALTAZAR ORTIZ, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>MARION COUNTY, on behalf of itself and all others similarly situated, CLACKAMAS COUNTY, on behalf of itself and all others similarly situated, ELLEN F. ROSENBLUM, in her official capacity as ATTORNEY GENERAL OF THE STATE OF OREGON, and BETSY IMHOLT, in her official capacity as DIRECTOR OF THE OREGON DEPARTMENT OF REVENUE,<br><br>      Defendants. | Case No. 3:23-cv-01971-SB |

## LR 7-1 CERTIFICATION

Counsel for Movants have conferred with counsel for Defendants on the issues raised herein. Defendants Multnomah County, Ellen F. Rosenblum, and Betsy Imholt do not oppose the motion. Defendant Marion County does not oppose consolidation but has separately moved to consolidate this action with *Gabbert et al. v. Josephine County*, 1:23-cv-01434-CL, currently pending in the Medford Division of this Court. Defendant Lane County opposes the motion. Defendants Clackamas County and Yamhill County have not yet provided undersigned counsel with their position on this motion.

## MOTION

In accordance with Federal Rule of Civil Procedure 42(a) and LR 42-3, Plaintiffs Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, Nancy Bender, Kyle Queahpama, as heir to Estate of Roberta Queahpama, Two J's Development Company, LLC c/o Sandra Vahala and Joshua Vahala, Walter Jaquist, Carolyn Jaquist, Jeffrey Sawyer and Baltazar Ortiz in the above-captioned *Lynch* and *Sawyer* actions ("Movants") move to consolidate the two above-captioned actions ("the Related Actions") before U.S. District Judge Karin J. Immergut and designate the first-filed case, *Lynch*, as the lead case.

## MEMORANDUM OF LAW

Consolidation is appropriate because the Related Actions involve common legal and factual issues, including similar allegations that Plaintiffs were damaged by Oregon counties retaining surplus proceeds, over and above taxes and fees owed, after foreclosing on real estate for nonpayment of property taxes. Consolidation is justified to conserve the resources of both the Court and the parties and to avoid inconsistent results.

21557948.1

# I. LEGAL STANDARDS

The Federal Rules of Civil Procedure provide that a court may consolidate cases which "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The court may consolidate for hearing or trial "any or all matters at issue," including the entire case. *Id*. "In making this determination, the court must weigh the interest in judicial convenience against the potential delay, confusion and prejudice caused by consolidation." *Or. Catholic Press v. Ambrosetti*, 2021 WL 3852190, *6 (D. Or. Aug. 4, 2021) (quotation omitted). "The purpose of Rule 42(a) is to improve trial court efficiency by avoiding unnecessary duplication of evidence and procedures and to avoid the risk of inconsistent adjudications." *Id.* (quotation omitted). The District Court enjoys "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *see also Or. Catholic Press*, 2021 WL 3852190 at *6.

# II. LR 42-3 INFORMATION

- <u>The case number, case title, and assigned judge of every related case pending in the District of Oregon</u>:

| Case No. | Case Title | Assigned Judge |
|---|---|---|
| 3:23-cv-01502-IM | Lynch et al. v. Multnomah County et al. | U.S. District Judge Karin J. Immergut |
| 3:23-cv-01971-SB | Sawyer et al. v. Marion County et al. | U.S. Magistrate Judge Stacie F. Beckerman |

  - Plaintiffs note that a third related case, *Gabbert et al. v. Josephine County*, 1:23-cv-01434-CL, is currently pending in the Medford Division before U.S. Magistrate Judge Mark D. Clarke. Undersigned counsel is not involved in the *Gabbert* matter, and only a subset of the matters raised in *Lynch* and *Sawyer* are at issue in *Gabbert*. Additionally, the Plaintiffs in *Gabbert* do not aim to certify a Defendant class. There is a pending motion to dismiss and a response in opposition to the motion to dismiss in *Gabbert*. There is also a pending motion in

Gabbert to consolidate *Lynch* and *Sawyer* in the Medford Division.

- The case number, case title, assigned judge, and court location of every other related case pending in any other state or federal court:
    - None known.

- The status in each case of all pending motions, court-imposed deadlines, case management schedules, trial dates, etc.:
    - Both of the Related Actions are in the earliest stages of pleading and motion practice. In neither case has the Court entered a case management schedule, set a trial date, ruled on a motion to dismiss, nor has discovery commenced.

| Case | Status |
| --- | --- |
| Lynch v. Multnomah County, 3:23-cv-01502-IM | Multnomah County filed an answer and served an Offer of Judgment for 100% of one of the Plaintiffs' (Plaintiff Nancy Bender) damages and attorneys' fees, which was accepted. On February 23, 2024, Counsel for the *Lynch* Plaintiffs amended the Complaint. Baker County, Clatsop County, Columbia County, Coos County, Crook County, Hood River County, Jackson County, Jefferson County, Josephine County, Klamath County, Lake County, Lincoln County, Linn County, Malheur County, Marion County, Umatilla County, Union County, Wallowa County, Wasco County filed a motion to intervene. |
| Sawyer v. Marion County, 3:23-cv-01971-SB | The deadline for Defendants to answer or otherwise respond to Complaint is March 19, 2024. Clackamas County offered Plaintiff Ortiz a Rule 408 Offer of Compromise. Baker County, Clatsop County, Columbia County, Coos County, Crook County, Hood River County, Jackson County, Jefferson County, Josephine County, Klamath County, Lake County, Lincoln County, Linn County, Malheur County, Marion County, Umatilla County, Union County, Wallowa County, Wasco County filed a motion to intervene. |

- The reason that the cases should be reassigned and managed by a single judicial officer:
    - All the factors supporting consolidation are present. The Related Cases have the same legal underpinning. Resolution of the Related Cases in a single proceeding will promote efficiency for the Court and the parties, and consolidation will eliminate duplication of effort and the potential for inconsistent decisions on pretrial motions (including for class certification) and, if necessary, at trial. In

addition, supervision of the Related Cases by a single judge would foster efficiency in connection with any settlement. Conversely, there is no prejudice to any of the parties from consolidation. They will be able to advance all arguments available under the facts of both cases, there will be no delay as the Related Cases are recently filed and in their earliest stages, and there is no risk of confusion of issues. *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 806–807 (N.D. Cal. 1989) (setting forth criteria). Accordingly, there is good cause to consolidate these cases.

- The scope of consolidation requested, *e.g.*, for hearing on a motion; for pretrial and discovery; or for all further proceedings, including trial:
    - Movants propose the Related Cases be consolidated for all pretrial proceedings and trial, as the factual and legal overlap of these cases is significant. Consolidation would promote efficient resolution by eliminating redundant proceedings and would avoid inconsistent results.

### III. COMMON ISSUES ANALYSIS.

1. **Common Factual Issues**

Both of the Related Actions allege that former property owners suffered damages arising from the unlawful practice of Oregon Counties retaining the entirety of proceeds from the tax foreclosure sale of properties that is greater than the amount of property taxes and associated charges owed, rather than returning the surplus proceeds to the former property owners.

2. **Common Legal Basis**

Both of the Related Actions are based on *Tyler v. Hennepin County,* 598 U.S. 631 (2023), in which the U.S. Supreme Court held that the practice of a government entity retaining surplus proceeds without providing an adequate means for the former property owners to recover the

surplus proceeds is a taking of private property for public use without just compensation in violation of the United States Constitution.

### 3. Common Legal Claims

Both of the Related Actions include federal constitutional claims under 42 U.S.C. § 1983 for unconstitutional takings under the Fifth and Fourteenth Amendments, as well as for violation of the state takings clause, Article 1 § 18, of the Oregon Constitution, and the U.S. Constitution's prohibition against excessive fines. Plaintiffs in the Related Actions assert that the retention and distribution of surplus proceeds, in excess of the unpaid taxes and associated charges, violates the U.S. and Oregon Constitutions' prohibitions on the taking of private property for public use without just compensation and the U.S. Constitution's prohibition against excessive fines.

### 4. Common Procedural Issues Under Rule 23

Each of the related actions seeks to certify a Plaintiff class and a Defendant class under Fed. R. Civ. P. 23.

### 5. Common Parties

The Related Actions both seek to certify Plaintiff and Defendant classes. Both seek to certify a Plaintiff class of all former property owners in all counties in the State of Oregon whose surplus was retained, and both seek to certify a Defendant Class of all Oregon Counties who wrongfully retained surplus proceeds. The proposed class definitions in the Related Cases are as follows:

| Case Title | Plaintiff Class Definition | Defendant Class Definition |
|---|---|---|
| Lynch v. Multnomah County, 3:23-cv-01502-IM | All Persons and entities, and their heirs and successors, who owned or had an ownership interest in real property that a Defendant or member of the Defendant Class seized through a foreclosure action to satisfy unpaid real estate taxes and associated fees and | All Counties in Oregon that seized property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and subsequently sold the property during the Class Period for more than the amount necessary to satisfy such taxes |

| | | |
|---|---|---|
| | penalties and sold that property during the Class Period for more than the amount necessary to satisfy such taxes and associated charges, and who the Defendants and Defendant Class Members never offered an opportunity to recover the excess value. First Amended Complaint, ¶98. | and associated charges, and that offered no opportunity for the taxpayer to recover the excess value. First Amended Complaint, ¶105. |
| Sawyer v. Marion County, 3:23-cv-01971-SB | All Persons and entities, and their heirs and successors, who owned or had an ownership interest in real property that a Defendant or member of the Defendant Class seized through a foreclosure action, or could have enforced such seizure, in order to satisfy unpaid real estate taxes and associated fees and penalties. The real property in question must have been seized through a foreclosure action and either

(1) sold during the Class Period for more than the amount necessary to satisfy such taxes and associated charges and the County offered inadequate opportunity for the taxpayer to recover the surplus proceeds; or

(2) retained by the local government tax authority during the Class Period and the value of the retained property exceeded such taxes and associated charges, and the County offered inadequate opportunity for the taxpayer to recover the excess value. Complaint, ¶58. | All Counties in Oregon that seized property through a foreclosure action to satisfy unpaid real estate taxes and associated fees and penalties and, during the Class Period, (1) sold the property for more than the amount necessary to satisfy such taxes and associated charges and kept all of the proceeds from the sale, and did not provide adequate opportunity for the taxpayer to recover the surplus proceeds; or (2) took ownership of and retained real property for non-payment of taxes that was worth more than the taxes and associated fees owed, and did not provide adequate opportunity for the taxpayer to recover the excess value. Complaint, ¶66. |

## IV. REQUEST FOR RELIEF.

For the foregoing reasons, Movants respectfully ask the Court to consolidate the Related Actions before U.S. District Judge Karin J. Immergut for pretrial proceedings and trial and to designate the first-filed case, *Lynch*, as the lead case for administrative control and case management purposes. LR 42-4 ("Unless otherwise directed by the Court, the earliest filed consolidated case will be designated as the lead case . . . ."). The Movants also respectfully request that the court order counsel for all parties to inform the court of any later-filed related cases of which they become aware.

DATED this 1st day of March, 2024.

Respectfully submitted,

| | |
|---|---|
| **David F. Sugerman** OSB No. 862984<br>**Nadia H. Dahab** OSB No. 125630<br>SUGERMAN DAHAB<br>707 SW Washington St., Ste. 600<br>Portland, OR 97205<br>T: (503) 228-6474<br>david@sugermandahab.com<br>nadia@sugermandahab.com | **/s/ Elias A. Kohn**<br>**Joseph C. Kohn** (pro hac vice forthcoming)<br>**William Hoese** (pro hac vice forthcoming)<br>**Zahra R. Dean** (admitted pro hac vice)<br>**Elias A. Kohn** (admitted pro hac vice)<br>KOHN SWIFT & GRAF, P.C.<br>1600 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>T: (215) 238-1700<br>jkohn@kohnswift.com<br>zdean@kohnswift.com<br>whoese@kohnswift.com<br>ekohn@kohnswift.com |
| **Gregory P. Hansel** (admitted pro hac vice)<br>**Shana M. Solomon** (pro hac vice forthcoming)<br>**Elizabeth F. Quinby** (pro hac vice forthcoming)<br>**Michael D. Hanify** (pro hac vice forthcoming)<br>**Kat Mail** (pro hac vice forthcoming)<br>PRETI FLAHERTY BELIVEAU & PACHIOS, CHARTERED, LLP<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112-9546<br>T: (207) 791-3000<br>ghansel@preti.com<br>ssolomon@preti.com<br>equinby@preti.com<br>mhanify@preti.com<br>kmail@preti.com | **David H. Fink** (pro hac vice forthcoming)<br>**Nathan J. Fink** (pro hac vice forthcoming)<br>**Calder Burgam** (pro hac vice forthcoming)<br>FINK BRESSACK<br>38500 Woodward Avenue, Suite 350<br>Bloomfield Hills, MI 48304<br>T: (248) 71-2500<br>dfink@finkbressack.com<br>nfink@finkbressack.com<br>cburgam@finkbressack.com<br><br>*Counsel for Plaintiffs and the Proposed Class* |