**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
101 SW Main Street Ste. 910
Portland, OR 97204
Tel: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs*
*(Additional counsel listed on signature page.)*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARTIN LYNCH, as Personal Representative of the ESTATE OF LYNN ARDEN GRAHAM-LYNCH, NANCY BENDER, KYLE QUEAHPAMA as heir of the ESTATE OF ROBERTA QUEAHPAMA, TWO J'S DEVELOPMENT COMPANY, LLC, c/o SANDRA VAHALA and JOSHUA VAHALA, WALTER JAQUITH, and CAROLYN JAQUITH on behalf of themselves and all others similarly situated,<br><br>                           Plaintiffs,<br>    v.<br><br>MULTNOMAH COUNTY, on behalf of itself and all others similarly situated, LANE COUNTY, on behalf of itself and all others similarly situated, YAMHILL COUNTY, on behalf of itself and all others similarly situated,<br><br>                           Defendants. | Case No. 3:23-cv-01502-IM (lead case)<br><br>**PLAINTIFFS' RESPONSE TO MARION COUNTY'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY** |

| | |
|---|---|
| JEFFREY SAWYER and BALTAZAR ORTIZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>MARION COUNTY, on behalf of itself and all others similarly situated, CLACKAMAS COUNTY, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-01971-IM<br><br>**PLAINTIFFS' RESPONSE TO MARION COUNTY'S FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY** |

　　　　Marion County has submitted further supplemental authority in the form of another non-precedential opinion that, as discussed below, supports *Plaintiffs'* position that a surplus takings claim does not accrue until the foreclosed property is sold and the surplus proceeds are retained by the government. Relying on its new authority, Marion County continues to argue that Plaintiffs' claim accrued on the date of the foreclosure judgment. But as Plaintiffs have explained, holding that Plaintiffs' claims accrued before any surplus ever existed would be inappropriate, highly inefficient for the courts and the parties, and inconsistent with the U.S. Supreme Court's ruling in *Tyler v. Hennepin County*, 598 U.S. 631 (2023).

　　　　In *Davenport v. Town of Reading*, 2024WL 4495105 (D. Mass. Oct. 15, 2024), the Massachusetts federal district court held that a surplus takings claim like that in *Tyler* (and this case) accrues at the time the surplus proceeds are created and taken without just compensation, *not* at the time absolute title vests, which in Oregon would occur at the end of the redemption period. The *Davenport* court rejected the Town of Reading's argument that a surplus takings claim accrued when the Town obtained absolute title to the property. Instead, the takings claim

2 -　PLAINTIFFS' RESPONSE TO MARION COUNTY'S FIFTH NOTICE OF
　　　SUPPLEMENTAL AUTHORITY

accrued when, nine years after title vested, "the Town refused to return to [plaintiff] the surplus funds from the . . . sale of the Property." *Id.*

That holding is correct under *Tyler*, and is precisely what Plaintiffs argue here. Here, as in *Davenport*, Plaintiffs' claims "[are] premised on the [government] divesting [Plaintiffs of their] interest in the 'money remaining' after satisfaction of [a] tax debt—an interest which, under *Tyler*, remains even after a municipality obtains absolute title to a property." *Davenport*, 2024 WL 4495105, at *2 (citing *Tyler*, 598 U.S. at 638; *United States v. Lawton*, 110 U.S. 146, 150 (1884)). Under *Tyler*, that deprivation occurs *not* at the time that absolute title vests with the government under state law, but at the time that the government "refuse[s] to convey any surplus funds" to the former owner. 2024 WL 4495105, at *2. This occurs either when the government retains the proceeds after a tax sale or when the government takes the property in a manner similar to a final sale and the property has value in excess of the tax debt. *See Tyler*, 598 U.S. at 638; *Lawton*, 110 U.S. at 150; *Ramsey v. City of Newburgh*, 2024 WL 4444374, at *3 (S.D.N.Y. Oct. 8, 2024) ("The possibility that the City might keep the property for its own use after Plaintiff vacates it does not change this result.").

The *Davenport* court also found that the surplus takings claim did not accrue during the nine years that the Town of Reading held Davenport's property, even though absolute title to the property had vested in the Town many years before the property was sold and the surplus was created and taken. In other words, before the property was sold and the surplus was created, the plaintiff's claim was merely speculative; there was no surplus property to take. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (holding that an injury must be concrete and particularized and actual or imminent, not conjectural or hypothetical). Requiring a plaintiff to bring a claim before any surplus proceeds exist or before the government retains the property

would inequitably burden the plaintiff, would be inefficient and wasteful for the courts and the parties, and could create a litigation trap similar to the "*San Remo* preclusion trap" the Supreme Court rejected in *Knick v. Township of Scott, Penn.*, 588 U.S. 180, 185 (2019).

Finally, *Davenport* also addresses the issue of when a government decides to retain a property, rather than sell it, noting that a former owner's takings claim accrues when the government makes the decision to retain:

> [a] takings claim could . . . have arisen earlier if Davenport had some reason to know that a sale would *not* occur – *if, for example, the Town had communicated an intent to retain the Property* . . . . Under such circumstances, it might be reasonable to consider the Town as having seized his interest in the excess value of the Property.

*Davenport*, 2024 WL 4495105, at *2 n.7 (emphasis added). In other words, where the government retains the property, a surplus claim accrues on the date of that retention. As Plaintiffs explained at oral argument last week, discovery is necessary to determine the moment at which the government retains the interest in the excess value of the property in lieu of selling it;[1] that determination cannot be made on a motion to dismiss.

---

[1] Discovery would reveal, for example, when a County transfers the property to a land bank (as in Ohio), when the County considers the property an asset in its internal accounting, when a County decides that a property should be maintained for open space and public use; when a County determines that a property should be sold at a price that creates a surplus but cannot sell the property for the desired inflated price and thus chooses to hold it indefinitely; or when a County's inaction for an extended period of time should be construed as an active decision to retain the property.

4 -   PLAINTIFFS' RESPONSE TO MARION COUNTY'S FIFTH NOTICE OF
      SUPPLEMENTAL AUTHORITY

DATED this 30th day of October, 2024.          Respectfully submitted,

/s/ Nadia H. Dahab
**David F. Sugerman**, OSB No. 862984
**Nadia H. Dahab**, OSB No. 125630
SUGERMAN DAHAB
707 SW Washington St., Ste. 600
Portland, OR 97205
Telephone: (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

**Gregory P. Hansel** (admitted *pro hac vice*)
**Elizabeth F. Quinby** (admitted *pro hac vice*)
**Michael D. Hanify**
**Kat Mail** (admitted *pro hac vice*)
PRETI FLAHERTY BELIVEAU
 & PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Telephone: (207)791-3000
ghansel@preti.com
equinby@preti.com
mhanify@preti.com
kmail@preti.com

**Joseph C. Kohn** (admitted *pro hac vice*)
**William E. Hoese**
**Zahra R. Dean** (admitted *pro hac vice*)
**Elias A. Kohn** (admitted *pro hac vice*)
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com
ekohn@kohnswift.com

**David H. Fink**
**Nathan J. Fink** (admitted *pro hac vice*)
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com