# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| MARTIN LYNCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MULTNOMAH COUNTY, et al.,<br><br>Defendants. | Case No. 3:23-cv-01502 |

## SETTLEMENT AGREEMENT BETWEEN
## PLAINTIFFS AND DEFENDANT MULTNOMAH COUNTY, OREGON

This Settlement Agreement is made and entered into as of June 25, 2025 by and between Plaintiff Kyle Queahpama, as heir of the Estate of Roberta Queahpama, individually and on behalf of a class of all others similarly situated as defined below (the "Plaintiffs"), and Multnomah County, Oregon (the "Defendant," "County" or "Multnomah") (collectively the "Parties").  The Parties, by their undersigned counsel, and subject to the approval of the Court pursuant to Fed. R. Civ. P. 23, hereby stipulate and agree as follows:

WHEREAS, on October 12, 2023, the Plaintiffs initiated this class action against Defendant Multnomah County, other named defendants, and a putative defendant class consisting of all Oregon counties and filed an Amended Complaint on February 23, 2024; and,

WHEREAS, the Plaintiffs allege that the Defendants violated their civil rights contrary to the Oregon Constitution by failing to give Plaintiffs the proceeds from the sale of the tax-foreclosed properties formerly owned by Plaintiffs that exceeded the unpaid taxes, fees, and other costs associated with those properties ("Surplus Proceeds Claims"); and,

{00259021 }

WHEREAS, on January 27, 2024, Defendant Multnomah County filed its Answer and Affirmative Defenses to the Complaint, denying certain allegations in the Complaint and asserting affirmative defenses to certain claims; and,

WHEREAS, the Parties to this Settlement Agreement are aware of the various risks, uncertainties, burdens and expenses associated with continued litigation; and,

WHEREAS, the Parties have engaged in arm's-length settlement negotiations and reached agreement to fully settle and resolve this Action on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed that the Action be settled, compromised and dismissed with prejudice as to Defendant Multnomah County on the following terms and conditions:

A.    **Definitions.**

1.    Unless otherwise defined throughout the document, capitalized terms shall have the meanings provided below:

a.    "Action" means the class action captioned Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, et al. v. Multnomah County, et al., U.S. District Court for the District of Oregon, Case No. 3:23-cv-01502, and any actions consolidated with the *Lynch* action.

b.    "Administration Costs" refer to the costs of the Claims Administrator, the costs associated with dissemination of the Class Notice, and the costs of administering the claims of Class Members.

c.    "Amended Complaint" refers to the Corrected First Amended Consolidated Class Action Complaint filed January 31, 2025 in the Action, and which asserts claims related to the sale of tax-foreclosed properties by Multnomah County.

d.    "Authorized Claimant" means any Class Member who has submitted a timely and valid Claim to the Claims Administrator and whose claim for recovery has been approved for payment from the Settlement Fund.

e.    "Claim" means a completed and executed Claim Form that has been timely submitted to the Claims Administrator in accordance with this Settlement Agreement and any requirements established by the Court.

f.    "Claims Administrator" means the entity to be selected by the Parties and approved by the Court to administer the Class Notice and claims process.

g.    "Class" refers to all persons who are included in the Settlement Class as described in Paragraph 2 and who are not excluded under Paragraph 4.

h.    "Class Member" means a person who is included in the Class.

i.    "Class Notice" refers to the written documents informing Settlement Class Members of their rights, opportunities, and obligations under this Settlement as discussed in Paragraphs 20 to 25, and attached hereto as Exhibits B and C.

j.    "Class Period" refers to the time period of October 12, 2017 through the date of this Settlement Agreement.

k.    "Class Representative" means Plaintiff Kyle Queahpama, as heir of the Estate of Roberta Queahpama.

l.    "County" refers to Multnomah County and includes the "County-Related Persons," which shall mean Multnomah County's predecessors, successors, assigns, and

{00259021 }                                  3

subsidiaries, as well as former and current affiliates, administrators, employees, elected officials

(including, but not limited to, county treasurers), insurers, members, officers, directors,

managers, employees, agents, servants, contractors, representatives, attorneys, associates,

trustees, and volunteers.

m.      "Court" means the United States District Court for the District of Oregon.

n.      "Defendant" or "Multnomah" refers to Multnomah County.

o.      "Effective Date" is the date upon which the final approval by the Court of

this Settlement Agreement pursuant to Fed. R. Civ. P. 23 becomes final and unappealable.

p.      "Eligible Claimant" means a person who holds an Eligible Claim.

q.      "Eligible Claims" means a claim submitted by a Potential Claimant to the

Claims Administrator during the Claims Period that the Claims Administrator has approved as

valid pursuant to the terms of the Settlement and any order of the Court.

r.      "Eligible Property" means a parcel of real property foreclosed by

Multnomah County for the non-payment of real-property taxes or other County or local

government taxes or fees, which was sold by the County for an amount in excess of the unpaid

taxes, fees and other costs associated with that property, and for which the statutory redemption

period expired during the Class Period.

s.      "Lead Counsel" means the law firms of Fink Bressack; Kohn, Swift &

Graf, P.C., and Preti, Flaherty, Beliveau & Pachios, Chartered, LLP.

t.      "Liaison Counsel" means the law firm of Sugerman Dahab.

u.      "Parties" refers collectively to the Plaintiffs and the Settling Defendant

Multnomah County.

v.      "Plaintiffs" refers to Kyle Queahpama, as heir of the Estate of Roberta Queahpama, individually and a class of all others similarly situated.

w.      "Potential Claimant" means a person who held an interest in an Eligible Property at the time it was foreclosed by Multnomah County.

x.      "Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, known or unknown, in law or in equity, based on state or federal law, the United States Constitution, or the Oregon Constitution that the Plaintiffs or any other Class Members asserted or could have asserted in the Action against Multnomah relating to or arising from any Eligible Property and the forfeiture, foreclosure, or sale of real property relating to the collection of unpaid property taxes on the Eligible Property.

y.      "Settlement" means this Settlement Agreement and the resolution of the dispute between the Plaintiff and the Class and Multnomah County.

z.      "Settlement Class" means the class of Persons identified in Paragraph 2.

aa.     "Settlement Fund" shall refer to the Settlement Amount plus interest on said amount as set forth in Paragraphs 11 and 12 below.

bb.     "Summary Notice" refers to the abbreviated version of the Notice to be prepared by the Parties' counsel in consultation with the Claims Administrator to be used in print media as discussed in Paragraphs 20 to 25, and attached hereto as Exhibit C.

cc.     "Surplus Proceeds" means the difference between an Eligible Property's actual sale price and the Total Redemption Costs, plus the Total Maintenance and Repair Costs, plus the Administration fee charged by the County for each property sold, as set forth in the table attached hereto as Exhibit A.

**B.**       **The Settlement Class.**

2.       The Parties agree for settlement purposes only that certification of a class is appropriate in the Action.  For purposes of this Settlement only, the Parties agree to the certification of the following Settlement Class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Multnomah County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, which the County sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period.

3.       The Parties agree to the appointment of Kyle Queahpama, as heir of the Estate of Roberta Queahpama, as the Class Representative for the Settlement Class.

4.       The following persons and entities are excluded from the Settlement Class:

a.       All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon and Multnomah County, albeit this provision does not apply to estate administrators who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

b.       All former holders of an interest in an Eligible Property as to which any Eligible Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and that is not timely revoked;

c.       All former holders of an interest in an Eligible Property by reason of a lien to secure payment of a debt or judgment, which debt or judgment has since been satisfied or released; and

{00259021 }                                      6

d.       All Potential Claimants who have already released their claim for Surplus Proceeds against Multnomah County through a settlement agreement, release, or final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

5.       The Parties agree, subject to the approval of the Court, to the appointment of the law firms of Fink Bressack; Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios, Chartered, LLP, and Sugerman Dahab as Class Counsel for the Settlement Class.

6.       The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the judgment contemplated by this Settlement Agreement becomes final and the Effective Date occurs.  Nothing in this Settlement Agreement shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class, in this Action or any other action, other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become final.  Multnomah County expressly reserves the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

C.       **Approval of this Agreement and Dismissal of Claims Against Multnomah County.**

7.       Plaintiffs and Defendant shall use their reasonable best efforts to effectuate this Agreement, including cooperating fully in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete, and final approval of this Settlement Agreement and the dismissal with prejudice of the Action as to the Releasees only.

8.       Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion").  The Preliminary Approval Motion shall

include the proposed form of an order, attached hereto as Exhibit D: (a) preliminarily approving

this Agreement; (b) approving the proposed form of, method for, and proposed dates of

dissemination of notice to the Settlement Class, (c) authorizing dissemination of notice of the

Settlement Agreement of the final judgment contemplated by this Agreement to all Settlement

Class Members; (d) scheduling dates for Settlement Class Members to request exclusion from

the Settlement Class or to object to the terms of the Settlement; and (e) scheduling a hearing

before the Court to consider the final approval of the Settlement Agreement.

9.      In moving for final approval of this Settlement Agreement, the Parties shall seek

entry of an order and final judgment in the form attached hereto as Exhibit E.  The terms of that

proposed order and final judgment will include, at a minimum, the substance of the following

provisions: (a) certifying the Settlement Class described in Paragraph 2, pursuant to Rule 23 of

the Federal Rules of Civil Procedure, solely for purposes of this Settlement as a settlement class;

(b) as to the Action, approving finally this Settlement and its terms as being a fair, reasonable and

adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the

Federal Rules of Civil Procedure and directing its consummation according to its terms; (c)

directing that all Releasors shall, by operation of law, be deemed to have released all Releasees

from all claims in the Action; (d) as to Releasees, directing that the Action be dismissed with

prejudice and, except as provided for in this Agreement, without costs; (e) reserving exclusive

jurisdiction over the Settlement and this Agreement, including the interpretation, administration

and consummation of this settlement; (f) determining under Federal Rule of Civil Procedure

54(b) that there is no just reason for delay and directing that the judgment of dismissal in the

Action as to Defendant Multnomah shall be final; and (g) providing that (i) the Court's

certification of the Settlement Class is without prejudice to, or waiver of, the rights of any

defendant, including Multnomah, to contest certification of any other class proposed in this litigation, (ii) the Court's findings in this order shall have no effect on the Court's ruling on any motion to certify any other class related to this litigation or on the Court's rulings concerning any defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any other class.

10.     This Agreement shall become effective on the Effective Date, which is when (a) the Court has entered in the Action a final order certifying the Settlement Class described in Paragraph 2 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Multnomah without costs other than those provided for in this Agreement, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Multnomah described in (a) hereof has expired in the Action or, if appealed, approval of this Agreement and the final judgment in the Action as to Multnomah has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be considered in determining the above-stated times.

### D.     <u>Settlement Payment Amount.</u>

11.     In full and final settlement of the Action, Multnomah shall pay the full amount of the retained tax-surplus of the Settlement Class Members (the "Surplus Proceeds") in the amount of $2,402,797.40, plus interest at the statutory rate of 9% on the Surplus Proceeds from each of the foreclosed properties in Exhibit A from the expiration date of the redemption period for each

property through the complete execution date of this Settlement Agreement, for a total settlement payment of $3,515,759.25 as set forth in the attached Exhibit A (the "Settlement Amount").

12.    The Settlement Amount shall be paid within thirty (30) days of the complete execution date of this Settlement Agreement into an interest-bearing escrow account under the jurisdiction of the Court and administered under the terms set forth in paragraphs 15 to 19 below. Interest earned on the escrow account shall be added to and become part of the Settlement Fund.

13.    If this Settlement Agreement does not receive final Court approval, or if the Action is not certified as a class action for settlement purposes, or if the Agreement is rescinded, terminated or otherwise fails to become effective or final, then all amounts paid by Defendant into the Settlement Fund (other than costs expended or incurred for notice and administration in accordance with Paragraphs 14(a) and (b) below), shall be returned to Defendant from the escrow account along with any interest accrued thereon within thirty (30) calendar days of the finality of the Court's denial of final approval of the Settlement Agreement, or the termination or rescission of the Agreement.

        **E.**      **Distributions from the Settlement Fund.**

14.    The Settlement Fund shall be distributed as follows:

        a.      First, in an amount not to exceed $250,000 to pay the cost of Court-approved Notice of the Settlement to the Settlement Class Members including the costs of identifying Settlement Class Members, mailing the Class Notice to Class Members and publication of the Class Notice and the administrative costs associated therewith;

        b.      Second, the Claims Administrator's costs of administering the claims procedures set forth in paragraphs 20 to 31 below;

       c.       Third, after the Effective Date, to the attorneys' fees and cost and expense reimbursements of Plaintiffs' Counsel, and any service awards to the Class Representative as approved by the Court pursuant to the procedures set forth in paragraphs 32 to 34 below;

       d.       Fourth, after the Effective Date, to pay Eligible Claims pro rata up to the full amount of the Surplus Proceeds plus accrued interest applicable to the Surplus Proceeds of each Class Member's Eligible Property.  If the total amount of the Eligible Claims exceeds the net amount available for distribution in the Settlement Fund, then all Eligible Claims will be reduced pro-rata;

       e.       Fifth, after the Effective Date, to reimburse Multnomah County for payment of Surplus Proceeds to any Potential Claimant who submitted a valid and timely request to be excluded (opt out) from the Class under the procedures set forth in the Class Notice, and to whom Multnomah County paid during the period between the submission of a valid request for exclusion from the Class and the expiration of the period to submit timely claims under the Settlement Agreement Surplus Proceeds independent of this Class Settlement.  Defendant shall submit proof of any payments of Surplus Proceeds under the terms of this subparagraph to the Claims Administrator and to Class Counsel no later than (10) days after the conclusion of the time period for submission of Claims.

       f.       Sixth, after the Effective Date and after all payments required in subparagraphs (a) to (e) above have been made, any remaining amounts in the Settlement Fund shall be distributed to fund housing placement and support services, rental assistance and/or development of new affordable housing for youth and families with children pursuant to ORS 275.275 and ORS 275.090, or such other programs as the parties agree and the Court approves in accordance with Oregon law.

F.     **Administration of the Settlement Fund Escrow Account.**

15.     The escrow account shall be maintained at Huntington National Bank.

16.     All payments into the escrow account shall, at the direction of Settlement Class Counsel, be invested in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, U.S. Treasury Money Market Funds or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit.  Any interest earned on any of the foregoing shall become part of the Settlement Fund.  Defendant shall have no responsibility for, or liability in connection with, the Settlement Fund or escrow account, including without limitation, the investment, administration, maintenance, or distribution thereof.

17.     The Settlement Fund held in the escrow account shall be deemed and considered to be in custodia legis of the Court and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be fully distributed pursuant to this Agreement or further order(s) of the Court.

18.     Subject to the limitation set forth in Paragraph 14(a) and upon agreement of the Parties, reasonable disbursements for expenses associated with providing Notice of the Settlement to the Settlement Class, expenses for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters may be paid without approval from the Court and shall not be refundable to Defendant in the event the Agreement is disapproved, rescinded, or otherwise fails to become effective, to the extent such expenses have actually been expended or incurred.  Any refund that becomes owed to Defendant if this Settlement does not become final or is rescinded or otherwise fails to become effective, may be

paid out of the escrow account without approval from the Court. No other disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.

19.    The escrow account is intended by the Parties hereto to be treated as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end the Parties hereto shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of Defendant, a "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the escrow account to be treated as a qualified settlement fund from the earliest date possible, and the Parties shall take all actions as may be necessary or appropriate to this end. At the direction of Settlement Class Counsel, taxes or estimated taxes shall be paid on any income earned on the funds in the escrow account, irrespective of whether final approval has occurred. In the event federal or state income tax liability is finally assessed against and paid by Defendant as a result of any income earned on the funds in the escrow account, Defendant shall be entitled to reimbursement of such payment from the funds in the escrow account after approval of the Court and whether or not final approval has occurred. Defendant will use reasonable efforts to resist any such assessment or payment. Except as set forth in this Paragraph, Defendant and any Releasee, and their respective counsel, shall have no responsibility to make any tax filings related to the Settlement Fund or to pay any taxes or tax expenses with respect thereto, and neither Defendant nor any Releasee nor their respective counsel shall have any liability or responsibility for the taxes or expenses incurred in connection with taxation matters.

///

///

///

{00259021 }                                        13

G.    <u>Notice to the Class and Claims Administration.</u>

20.    The Claims Administrator shall, as directed by Class Counsel, provide the Notice to the Class and administer the claims process consistent with any Court orders.  The Claims Administrator's actions shall be subject to the jurisdiction of the Court.

21.    The Claims Administrator will be responsible for all aspects of claims administration, including without limitation: (a) creating and maintaining a database of names and addresses of Class Members; (b) comparing the database with a national change of address database; (c) printing and mailing notices, each with an assigned unique personal identification number ("PIN"); (d) compiling new address information and re-sending any notices returned as undeliverable and, if appropriate, skip tracing those that are returned as undeliverable and do not contain a forwarding address; (e) establishing and maintaining a website for the purposes of notice and claim administration, including the creation of forms and IVR procedures that will provide for electronic submission of claim forms, and the maintenance of a toll-free telephone number dedicated to the Settlement; (f) providing a blank Claim Form by mail or email to any Class Members who request one; and (g) compiling a list of Class Members who submit properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms.

22.    Within 45 days following entry of the Preliminary Approval Order or other date set by the Court, the Claims Administrator shall send written Notice of the Settlement to each Settlement Class Member (in the form attached hereto as Exhibit B hereto) via regular first-class U.S. mail postage pre-paid. The Parties shall provide Settlement Class Members' addresses to the Claims Administrator based on the last-known addresses reflected in the Multnomah County's records and any updated addresses the Parties' or the Claims Administrator's investigation shall

have discovered.  Before sending the notices, the Claims Administrator shall run all addresses

provided through the National Change of Address database and if necessary other available

databases.  The envelopes containing the notices shall include a notation requesting address

correction.  The Claims Administrator will forward any notice that is returned with a forwarding

address to the forwarding address within fourteen (14) days of receiving the returned mail and

shall update the Potential Claimant address list with all forwarding addresses.  The Claims

Administrator will take additional reasonable investigative actions to locate Potential Claimants.

23.     If a Settlement Class Member is determined to be deceased, the Claims

Administrator shall attempt to locate heirs or successors through all available databases and

reasonably diligent search methods, including without limitation obituaries.

24.     The Claims Administrator will also provide notice by publication of the Summary

Notice (in the form attached hereto as Exhibit C hereto) pursuant to the terms of a publication

plan in traditional and social media designed to target Potential Claimants in a cost-effective

manner.  The Summary Notice will be published by Defendant in its regular publications,

newsletters and on its website.

25.     The Claims Administrator will establish a website for the Settlement that will at a

minimum contain the Class Notices, Claim Forms, Settlement Agreement and relevant pleadings

and motions filed in the litigation.  The Defendant and Plaintiffs' Counsel shall establish links on

their websites to the settlement website.

26.     The Claim Form (in the form attached hereto as Exhibit F), shall be approved by

the Court and shall require sufficient information for the Claims Administrator and the Parties to

assess whether the person submitting the claim is a Class Member.  The Claim Form shall

provide for the release of the Released Claims against Multnomah.

27.    Class Members shall have 180 days from the Court's entry of the Preliminary Approval Order to submit a completed Claim Form to the Claims Administrator.  Upon agreement of the parties and approval of the Court, the deadline for submission of a completed Claim Form may be extended.  A Claim shall be deemed to be submitted on the earliest of the date that it is received by the Claims Administrator, or the date when it was posted, if received with a postmark indicated on the envelope and if mailed by first-class mail or other delivery service and properly addressed.

28.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery by the Parties and the Claims Administrator under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claims.  No discovery shall be allowed in this action by the holders of Eligible Claims as to the validity of other claims to an Eligible Property.

29.    The Claims Administrator shall receive Claims and process them in accordance with this Settlement Agreement and any applicable Court order.  The Parties shall reasonably cooperate with the Claims Administrator to provide information necessary for the Claims Administrator to validate or reject claims.  The Claims Administrator shall undertake reasonable efforts to assess whether each Claim is valid pursuant to the terms of this Settlement Agreement and any applicable Court orders.  As to each Claim asserting an unrecorded interest in an Eligible Property, the person submitting the claim shall be required to submit an affidavit or declaration setting forth all the factual and legal bases for the asserted unrecorded interest.  With regard to

claims of an interest in an Eligible Property through adverse possession, the affidavit or declaration shall set forth facts to show all of the elements of adverse possession under Oregon law.

30.    The Parties and claimants may seek a determination from the Court as to the validity and/or amount of any Eligible Claim decided by the Claims Administrator or from a Special Master appointed by the Court, or other neutral arbiter agreed to by the Parties and the Claimants.

31.    The approval and denial of Claims is a matter separate and apart from the Settlement between Multnomah County and the Plaintiffs, and any decision by the Claims Administrator, the Court, a Special Master, or any appellate court concerning the approval or denial of a Claim shall not affect the validity or finality of the Settlement.

H.    **Attorneys' Fees, Cost Reimbursement and Class Representative Service Awards.**

32.    Plaintiffs' Counsel may move the Court for an award of attorneys' fees and cost and expense reimbursements and for a service award to the Class Representative to be paid solely from the Settlement Fund as set forth in paragraph 14 above. Plaintiffs' Counsels' motion shall be filed no later than 45 days prior to the date set forth for the hearing on the final approval of the Settlement Agreement. Plaintiffs' Counsels' motion for attorneys' fees will not exceed 33% of the Settlement Fund.

33.    The Notice to the Class will provide Class Members with notice of and the opportunity to object to, the motion for award of attorneys' fees, costs and expenses, and service award.

34.    Failure by the Court to either rule on or approve attorneys' fees or costs and expenses in an amount other than that stated in Paragraph 32 above shall not be grounds for any

Party to withdraw from the Settlement, shall not delay the Settlement becoming final, and shall not delay the Effective Date of the releases described above.  The procedure for and the allowance or disallowance by the Court of the application by Plaintiffs' Counsel for attorneys' fees, costs and expenses, or service award for the Class Representative to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to a request for attorneys' fees and reimbursement of costs and expenses or service awards, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the Settlement.

     **I.**      **<u>Release, Discharge and Covenant Not to Sue.</u>**

     35.     In addition to the effect of any final judgment entered in accordance with this Agreement, this Agreement, upon the Effective Date, and in consideration of payment of the Settlement Amount into the escrow account, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the Settlement or makes a claim upon or participates in the Settlement, whether directly, representatively, derivatively or in any other capacity) under any federal, state, local, statutory, or common law of any jurisdiction in the United States, that the Plaintiffs and Class Members, Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims,

injuries, damages, and the consequences thereof in any way arising out of or relating in any way to any conduct of the Releasees during the period October 13, 2017 through and including the Effective Date as alleged in the Amended Complaint concerning tax foreclosures of properties by Defendant, the sale of such foreclosed properties, the retention by Defendant of any Surplus Proceeds from the tax foreclosure or sale brought under the U.S. Constitution, 42 U.S.C. § 1983, any other federal law, the Oregon Constitution, and any Oregon statute or common law.

      **J.**    <u>**Miscellaneous Provisions.**</u>

      36.    Within 10 days of the motion for preliminary approval of this Settlement being filed with the Court, the Defendant shall ensure that notice is given to the Attorney General of the United States and the Oregon Attorney General consistent with 28 U.S.C. § 1715. All relevant approval and court filing dates will be scheduled to ensure compliance with the Class Action Fairness Act ("CAFA"). Plaintiffs will cooperate reasonably with Multnomah County to ensure compliance so that the release described herein is fully enforceable.

      37.    The Parties agree that if necessary for the efficient administration of the claims process, they may move the Court for the appointment of a Special Master to assist with administering and facilitating the Settlement. Upon approval of the Court, the Special Master will be empowered to facilitate the resolution of claims among Settlement Class members, including their various interests and entitlement to claims relating to Surplus Proceeds.

      38.    The Parties intend this Settlement to be a final and complete resolution of all of Plaintiffs' Released Claims against Multnomah County. Except as otherwise provided in this Settlement, each Party shall bear its own costs.

      39.    This Settlement, including the exhibits attached to this Settlement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or

on behalf of all Parties.  The waiver by any Party of any breach of this Settlement by any other Party shall not be deemed a waiver of that breach by any other Party, nor shall it be deemed a waiver of any other breach of this Settlement by that Party or any other Party.

40.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Settlement.

41.     If other Oregon Counties or the State of Oregon enter into settlements in connection of the Action, the Parties shall reasonably cooperate with one another and other selling parties to facilitate coordination of settlements, settlement administration, notice and other aspects of settlement that may promote judicial economy or reduce overall costs of settlement notice and claims administration.

42.     This Settlement and its attached exhibits constitute the entire agreement among the Parties concerning this Settlement.  No representations, warranties, or inducements have been made by or to any Party concerning this Settlement and its attached exhibits other than those contained and memorialized in the Settlement and its attached exhibits.  This Settlement supersedes any and all earlier statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Settlement.

43.     If any provision of this Settlement is held to be unenforceable for any reason, the unenforceability thereof shall not affect any other provisions of this Settlement.

44.     This Settlement may be executed in one or more original or electronic counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for each Party will maintain their own respective original signature pages.  A complete set of executed counterparts shall be filed with the Court.

{00259021 }

45.    This Settlement shall be governed by the laws of the State of Oregon without regard to conflicts of laws except to the extent that federal law requires that federal law govern.

46.    All counsel and any other person executing this Settlement and any exhibits attached to this Settlement warrant and represent that they have the full authority to do so and that they have the authority to take the appropriate action required or permitted to be taken pursuant to the Settlement to effectuate its terms.

The Parties have caused this Settlement to be executed by their duly authorized representatives.


Dated: June 25, 2025

David H. Fink
Nathan J. Fink
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com


Andrew T. Weiner
Carlos A. Rasch
B. Andrew Jones
MULTNOMAH COUNTY
ATTORNEY'S OFFICE
501 SE Hawthorne Blvd., Suite 500
Portland, OR 97214
Telephone: (503) 988-3138
andrew.weiner@multco.us
carlos.rasch@multco.us
andy.jones@multco.us

*Counsel for Defendant Multnomah County*


Joseph C. Kohn
William E. Hoese
Zahra R. Dean
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com

Gregory P. Hansel
Shana M. Solomon
Elizabeth F. Quinby
Michael D. Hanify
Kat Mail
PRETI FLAHERTY BELIVEAU
& PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Telephone: (207)791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com
mhanify@preti.com
kmail@preti.com

*Proposed Lead and Class Counsel for*
*Plaintiffs*

David Sugerman
Nadia Dahab
SUGERMAN DAHAB
101 SW Main Street, Ste. 910
Portland, OR 97204
Tel: 503-228-6474
Fax: 503-228-2556
david@sugermandahab.com
nadia@sugermandahab.com

*Proposed Liaison and Class Counsel for*
*Plaintiffs*