JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
B. Andrew Jones, OSB No. 091786
Deputy County Attorney
Carlos A, Rasch, OSB No. 072179
Andrew Weiner, OSB No. 115485
Senior Assistant County Attorneys
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone: (503) 988-3138
Facsimile: (503) 988-3377
Email: andy.jones@multco.us
       carlos.rasch@multco.us
       andrew.weiner@multco.us
   *Of Attorneys for Defendant Multnomah County*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

(Portland Division)

| | |
|---|---|
| MARTIN LYNCH, as Personal Representative of the ESTATE OF LYNN ARDEN GRAHAM-LYNCH, KYLE QUEAHPAMA as heir of the ESTATE OF ROBERTA QUEAHPAMA, CHRISTOPHER FERRETTI, BRENT DORRELL, BALTAZAR ORTIZ, WALTER JAQUITH, and CAROLYN JAQUITH on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MULTNOMAH COUNTY, on behalf of itself and all other similarly situated, LANE COUNTY, on behalf of itself and all other similarly situated, CLACKAMAS COUNTY, on behalf of itself and all others similarly situated, YAMHILL COUNTY, on behalf of itself and all other similarly situated,<br><br>        Defendants. | Civil No. 3:23-cv-01502-IM<br><br>MULTNOMAH COUNTY'S RESPONSE TO PLANTIFFS' MOTION FOR ATTORNEYS' FEES |

Page 1 – MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR
        ATTORNEYS' FEES

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

**RESPONSE**

Defendant Multnomah County asks the Court to consider a downward adjustment to Class Counsel's request for attorneys' fees and expenses. As discussed further below, and assuming the Court employs a percentage-of-fund approach, the circumstances of this case likely justify a departure from the 25 percent benchmark.

**MEMORANDUM OF LAW**

Multnomah County takes no issue with Class Counsel's overall characterization of the Settlement Agreement. The Settlement Fund created pursuant to the Settlement Agreement includes 100 percent of retained surpluses with interest—an excellent result for the Settlement Class. Multnomah County also agrees that Class Counsel is entitled to reasonable compensation for their efforts in achieving that settlement. Where Multnomah County and Class Counsel disagree is how much compensation is reasonable under the circumstances of this case.

**I.      Using the Percentage-of-the-Fund Method.**

In class action settlements that produce a common fund, such as this one, "courts have discretion to employ either the lodestar method or the percentage-of-recovery method" when determining attorney fee awards. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–43 (9th Cir. 2011). A court must exercise its discretion "so as to achieve a reasonable result." *Id.* (noting that, regardless of the method, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount").

The County does not contest that using the "percentage-of-recovery" or "percentage-of-the-fund" method is appropriate here. *See Id.* at 942 (where the benefit to a class is easily quantifiable, awarding attorneys a percentage of the common fund in lieu of the often more time-

Page 2 – MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR
             ATTORNEYS' FEES

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

consuming task of calculating the lodestar is allowed). The Settlement Agreement contemplates this approach, permitting Class Counsel to move the Court for an award of attorneys' fees and expenses to be paid solely from the Settlement Fund in an amount not to exceed 33 percent of the Settlement Fund. (*See* ECF No. 155-1, at ¶ 32.) The Court should not, however, use "a mechanical or formulaic approach" to conclude the requested 25 percent benchmark applies. *See In re Bluetooth*, 654 F.3d at 944.

## II. The Court Should Consider a Downward Departure from the Benchmark.

The 25 percent fee amount requested by Class Counsel, while lower than the 33 percent they could have requested, amounts to nearly half of *all* fees Class Counsel billed in the consolidated *Lynch/Sawyer* case through July 31, 2025. That amount is likely disproportionate to the work done by Class Counsel as a result of Multnomah County's role in the litigation.[1] A percentage-of-the-fund fee award is calculated by taking percentage of the "common fund for the benefit of *the entire class*." *In re Bluetooth*, 654 F.3d at 942 (emphasis added). For purposes of plaintiffs' settlement with Multnomah County, the entire class includes only claimants for surpluses on tax-foreclosed properties in Multnomah County. Class Counsel's 25 percent fee award request appears to be based on a class that includes claimants for surpluses on tax-foreclosed properties across all defendant counties.

An award that departs downward from the 25 percent benchmark would still fairly compensate Class Counsel for their time and effort securing a settlement with Multnomah

---

[1] As discussed further below, the declarations of Class Counsel in support of their motion for attorneys' fees provide no guidance for determining which portion of their billed hours are attributable to their litigation effort with Multnomah County compared with the other defendant counties.

Page 3 –   MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR
 ATTORNEYS' FEES

County—one of five named defendants in the *Lynch/Sawyer* litigation. A 20 percent award, for example, would fall within the "usual range" for percentage fee awards in common fund cases in the Ninth Circuit. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

There are several non-exhaustive factors for assessing requests for attorneys' fees based on the percentage-of-recovery method: (1) the results achieved for the class; (2) the risks of litigation; (3) benefits to the class beyond the cash settlement fund; (4) the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) reactions from the class; and (7) a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1048–50. When deciding to depart from the 25 percent benchmark, a court must identify in the record the circumstances that justify that departure. *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Ultimately, the Court must ensure its fee award is "supported by findings that take into account all of the circumstances of the case." *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020) (citing *Vizcaino*, 290 F.3d at 1048, 1050).

### A.     The Risk of Litigation with Multnomah County Was Low.

The risk of litigation with Multnomah County was low, supporting a downward departure. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *4 (N.D. Cal. Aug. 17, 2018) (noting that downward departures may be warranted where there is no "realistic risk of nonrecovery").

After the *Tyler* opinion was issued in May 2023, but prior to Class Counsel filing the Lynch Complaint in October 2023, Multnomah County had already begun receiving independent surplus claims. It paid nearly a dozen of those independent claims over the course of the following year. In accord with that approach, Multnomah County made an offer of judgment to

Page 4 – MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR ATTORNEYS' FEES

the original Multnomah County plaintiff and class representative in Lynch, Nancy Bender, which she accepted in early February 2024. (ECF No. 34.) At that same time, undersigned counsel communicated to Class Counsel that Multnomah County did not believe litigation was necessary—it was willing to pay all eligible surplus claims based on a six-year statute of limitation. Multnomah County also expressed through counsel its interest in pursuing settlement if Class Counsel was determined to continue the litigation, and settlement discussions began almost immediately.

In their motion, Class Counsel describes the considerable risks taken, emphasizing that the defendant counties filed multiple motions to dismiss. However, Multnomah County did not file any motions to dismiss, and it did not join in any of the other counties' motions to dismiss. Multnomah County also declined to join in other counties' procedural motions that argued points adverse to plaintiffs. While other defendant counties pursued aggressive defense strategies, Multnomah County proactively sent Class Counsel detailed information about each property for which there was a potential surplus claim, obviating the need for discovery requests.

The litigation risks Class Counsel describe in their motion were not due to positions or actions Multnomah County took in the case. Multnomah County waited to proceed with settlement while the Court resolved questions about the applicable statute of limitations and supplemental jurisdiction, however, those delays and the associated litigation risk were not due to Multnomah County filing any motions or litigating positions adverse to plaintiffs' recovery. They were the result of Class Counsel electing to pursue claims on behalf of a plaintiff class spanning five separate counties, and the defense strategies employed by the other defendant counties.

/ / / /

Page 5 – MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR
       ATTORNEYS' FEES

B.     **Lack of Details Prevents a Meaningful Lodestar Cross-Check.**

The summaries of hours and lodestar calculations provided by Class Counsel are too opaque for the Court to adequately assess the reasonableness of their requested 25 percent fee award. Class Counsel summarizes the scope of their representation as including, *inter alia*, researching and drafting briefs, drafting and propounding written discovery, and opposition briefing to defendants' comprehensive motions to dismiss. (*See, e.g.,* ECF No. 157 at ¶ 5.) Those tasks are more fairly attributed to Class Counsels' work litigating with other defendant counties. Class Counsels' summaries of their hours and lodestar calculations provide no details from which the Court can determine which portions of those hours can be reasonably attributed to their efforts to litigate and reach a settlement with Multnomah County.

Multnomah County does not ask for or expect the Court to require Class Counsel to submit the kind of detailed time records necessary for a pure lodestar calculation. Information submitted for a lodestar crosscheck need not be as exhaustive as a pure lodestar calculation because it only serves as a point of comparison by which to assess the reasonableness of a percentage award. *Fernandez v. Victoria Secret Stores, LLC*, No. CV 06-04149 MMM (SHx), 2008 WL 8150856, at *14 (CD. Cal. July 21, 2008) (internal quotations omitted). The lodestar crosscheck can be approximate and still serve its purpose. *Id.*; *see also Demmings v. KKW Trucking, Inc.*, No. 3:14-CV-0494-SI, 2018 WL 4495461, at *12 (D. Or. Sept. 19, 2018) (lack of detailed time records less important when court is using the percentage-of-recovery method).

Class Counsel's submissions can however, be supplemented to provide the Court the ability to conduct a more meaningful lodestar cross-check. They could, for example, provide a general breakdown of the tasks completed by each timekeeper. *See, e.g., Thomas v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2018 WL 2234598, at *4 (N.D. Cal. May 15,

Page 6 –  MULTNOMAH COUNTY'S RESPONSE TO PLAITNIFFS' MOTION FOR
           ATTORNEYS' FEES

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Ste. 500
Portland, Oregon 97214
(503) 988-3138

2018). There, the court found that tables summarizing the amount of work each timekeeper performed at different stages of the litigation was sufficient to conduct a lodestar cross-check without more detailed billing records or support for the claimed hourly rates. *Id.*

## CONCLUSION

Following the *Tyler* decision, Multnomah County has consistently acted to make whole all eligible claimants for surpluses obtained as a result of tax foreclosure judgments. Its posture throughout this litigation has been in that spirit, and its settlement with the Multnomah County Settlement Class was the natural result. It does not seek to prevent Class Counsel from receiving an award of fees and costs earned through its representation of the Multnomah County Settlement Class. It merely asks this Court to ensure the award is reasonable under the circumstances of the case.

DATED this 19th day of September, 2025.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

*/s/ Andrew T. Weiner*

B. Andrew Jones, OSB No. 091786
Deputy County Attorney
Carlos A. Rasch, OSB No. 072179
Andrew T. Weiner, OSB No. 115485
Senior Assistant County Attorneys
   *Of Attorneys for Defendant Multnomah County*