# Ex. 1

|  |  |
|---|---|
| MATTHEW GABBERT, et al., | Case No. 1:23-cv-01434-IM |
| Plaintiffs, | |
| v. | |
| JOSEPHINE COUNTY, et al., | |
| Defendants. | |
| JERRY BAKER, | Case No. 2:24-cv-01503-IM |
| Plaintiff, | |
| v. | |
| BAKER COUNTY, | |
| Defendant. | |

## <u>DECLARATION OF MICHAEL ZHANG</u>

Pursuant to 28 USC § 1746, I, Michael Zhang, hereby declare and state under penalty of perjury as follows:

1. I am an attorney licensed to practice law in the State of Oregon (Bar No. 185180) and am counsel of record for Plaintiffs and the certified settlement Class in the above-captioned actions (the "Action"). I make this declaration in support of Plaintiffs' Motion for Leave to Issue Supplemental Class Notices. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2. I am informed that Kindred has been sending letters to Settlement Class Members soliciting them to sell, assign, or otherwise transfer their claims

arising from the settlement in this Action for substantially below the value of those claims. In recent days, several Class Members have contacted me directly after receiving these solicitation letters and expressed confusion about them. The instances of which I am currently aware are described in Paragraphs 3 to 7, below.

3. On July 28, 2026, at approximately 1:04 p.m., Class Member Jeanine Jenkins contacted me and reported having received a solicitation letter from Kindred.

4. On July 29, 2026, at approximately 10:37 a.m., Class Member Tim Hedges contacted me and reported having received a solicitation letter from Kindred.

5. On July 29, 2026, at approximately 3:35 p.m., Class Member Sandy Gatchet contacted me and reported having received a solicitation letter from Kindred.

6. On August 3, 2026, at approximately 4:30 p.m., Class Member Melody Gibson contacted me and reported that she had received a solicitation letter from Kindred. Ms. Gibson sent me a photograph of the letter and its envelope. A true and correct copy of that photograph is attached to the Motion as Exhibit 3. Ms. Gibson also informed me that she spoke with Connor Clark, the Kindred representative who sent the solicitation letter. During that call, Mr. Clark explained that Kindred was seeking an assignment of her claim. When Ms. Gibson asked why Kindred was soliciting an assignment after the case had settled, Mr. Clark stated that Kindred would seek an "additional nine percent" from the County above what she would

receive from the settlement. Presumably, this was meant to *incorrectly* suggest that the settlement in this case did not include nine percent interest. Mr. Clark then offered to pay Ms. Gibson $100.00 immediately in exchange for an assignment of her claim and told her that he would split whatever Kindred recovered from the County in half with her, although this contradicted the letter she received, which stated that any money Kindred received from the County after the assignment belonged solely to Kindred. Mr. Clark then offered to send a notary to her home that evening to complete the assignment.

7.    On August 5, 2026, at approximately 3:57 p.m., class member Dax Oberson contacted me and reported that he and his sister, Brooke Oberson, who is also a class member, had both received letters from Kindred.

8.    In sum, in the nine-day period between July 28, 2026 and August 5, 2026, I received five separate reports from class members — involving at least six individual class members — that they had received solicitation letters from Kindred, including reports on consecutive days and reports involving two members of the same household. Based on the frequency and recency of these reports, it is my belief that Kindred's solicitation of settlement class members is ongoing and will continue.

Executed on August 6, 2026, at Seattle, Washington.

/s/ Michael Zhang, OSB No. 185180